United States Court of Appeals,

Eleventh Circuit.

Nos. 98-8517, 98-8518

Non-Argument Calendars.

James D. MAUGHON, Plaintiff-Appellant,

v.

BIBB COUNTY;  Butts County;  Joseph E. Evans, et al., Defendants-Appellees.

Herman E. MAUGHON, Betty J. Maughon, Plaintiffs-Appellants,

v.

BIBB COUNTY;  Butts County, et al., Defendants-Appellees.

Nov. 2, 1998.

Appeals from the United States District Court for the Middle District of Georgia. (Nos. 5:95-Cv-445-1-WDO, 5:95-CV-446-2-WDO), Wilbur D. Owens, Judge.

Before HATCHETT, Chief Judge, BARKETT, Circuit Judge, and GODBOLD, Senior Circuit Judge.

PER CURIAM:

James Dan Maughon and his mother Betty Maughon appeal from judgments entered by the district court granting summary judgment to the defendants Bibb County, Butts County, Joseph Evans, and John Doe # 1-5.  Because the facts in these cases are identical and each appeal raises the same issues, we consolidate their cases for the purposes of this decision.

Plaintiffs each own land located in Butts County, Georgia.  Their property shares a common boundary, road and fence.  The land is undeveloped and neither party resides there.  The defendants received tips that James Maughon had stolen a backhoe from Bibb County Public Works and that the backhoe was located on the land.  Evans obtained a search warrant for the property but he was

unaware that half of the property was owned by Betty Maughon, thus the warrant described the property as the "Dan Maughon Farm." Barry Fincher, a game warden to whom the Maughons had given a gate key, let the officers onto the property. From the dirt road on the property the officers visually located the backhoe, and a Bibb County employee identified it as the one stolen. The employee also saw the backhoe's buckets and streetpads lying in plain view on Betty Maughon's property. The officers seized the equipment, signed a receipt for the backhoe, bucket, and pads and left the property. The Maughons contend that the backhoe, pads, and bucket belonged to them and were wrongfully seized, and Betty Maughon claims that tools and logging chains belonging to her were stored in the cab of the backhoe when it was seized.

The Maughons brought suit against the defendants under 42 U.S.C. § 1983 alleging violations of their Fourteenth and Fourth Amendment rights. They also alleged state law claims for trespass and conversion of property. The district court granted summary judgment in favor of all of the defendants on all claims. The court found that the individual defendants were entitled to qualified immunity for the constitutional allegations. It further held that the Maughons' constitutional claims against the counties were without merit because they did not offer proof that the counties had an official policy or custom that caused the alleged constitutional violations. As for the Maughons' state law claims, the court found that the counties were entitled to sovereign immunity and that the plaintiffs had provided no basis for it to conclude that the counties had waived this immunity. The district court did not address the state law claims against the individual defendants.

After reading the briefs and record in this case, subject to our de novo review, we affirm the district court's decision granting summary judgment in favor of Bibb County and Butts County. The

district court correctly concluded that the Maughons failed to offer any proof that the counties maintained an official policy or custom that caused the alleged violations of their rights. Without proof of a custom or policy that furthered the unconstitutional behavior of individual officers, municipalities are not subject to liability under § 1983. *See Monell v. Department of Social Services,* 436 U.S. 658, 691-92, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The district court also correctly ruled for the counties on the Maughons' state law claims. Counties are entitled to sovereign immunity under the Georgia Constitution. Ga. Const. of 1983, art. I, § II, ¶ IX(e). Georgia has not statutorily waived this immunity with regard to counties, and the Maughons have not offered any sufficient basis for this court to find a waiver of sovereign immunity.[1]

We also affirm the grant of summary judgment in favor of the individual defendants for the reasons specified in this opinion. The Maughons assert that the district court settled disputed factual issues in favor of the defendants, ignoring its burden to consider all evidence in the light most favorable to the nonmoving party and that these findings of fact caused the district court to rule in favor of the defendants. The district court may have improperly decided credibility issues in favor of the defendants, but we find that construing these factual issues in the plaintiffs' favor does not make the grant of summary judgment improper.

"[T]he issue of a government official's qualified immunity from suit presents a question of law, and "like the generality of such questions, must be resolved de novo on appeal.' " *Jordan v.*

---

[1]The Maughons assert in their briefs that the procurement of liability insurance by the counties waives immunity. Georgia law does recognize a waiver of immunity to the extent an entity is insured; however the Maughons did not offer any proof of this insurance in the district court nor did they even note its existence. Furthermore, they have not explained whether the insurance covers liability for the type of torts for which they brought suit. Because the Maughons failed to offer proof of this waiver in its response to the defendant's motion for summary judgment, we decline to consider it now.

3

*Doe,* 38 F.3d 1559, 1563 (11th Cir.1994) (quoting *Elder v. Holloway,* 510 U.S. 510, 114 S.Ct. 1019, 127 L.Ed.2d 344 (1994)). Qualified immunity shields government agents engaged in discretionary functions from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *See Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). The relevant inquiry, then, is first, whether "the defendant government official was performing a discretionary function" and second, whether "the defendant should reasonably have known that the action violated an individual's clearly established federal statutory or constitutional rights." *Madiwale v. Savaiko,* 117 F.3d 1321, 1324 (11th Cir.1997). Evans and the unnamed co-defendant officers were acting within their discretionary authority during the incidents involved in this case. Thus, it is only the second part of the inquiry that is relevant here. We must decide whether the officers violated clearly established law. The Maughons contend that the search warrant was invalid because it was not based on a sufficient affidavit and because it did not properly describe the property to be searched as belonging to two different owners. They also contend that even if the warrant was valid the seizure of property was unreasonable because it was not the property stolen from Bibb County.

Even viewing the facts in the light most favorable to the plaintiff, we find the warrant to be valid and the seizure of the property reasonable. Negligent or innocent mistakes do not violate the Fourth Amendment. *See Franks v. Delaware,* 438 U.S. 154, 171, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978); see also *Maryland v. Garrison,* 480 U.S. 79, 87, 107 S.Ct. 1013, 94 L.Ed.2d 72 (1987)(recognizing the "need to allow some latitude for honest mistakes that are made by officers in the dangerous and difficult process of making arrests and executing search warrants"). To invalidate a warrant based on incorrect information provided in a supporting affidavit one must show

4

that officers intentionally or recklessly included false information or omitted necessary true information. *Franks,* 438 U.S. at 171, 98 S.Ct. 2674. Neither of the Maughons has offered proof of intentional or reckless wrongdoing on the part of the officers in obtaining the warrant. Failure to ascertain that Betty Maughon owned one half of the land to be searched was at most a negligent mistake. This mistake did not invalidate the search warrant. Likewise the seizure of property was not unreasonable. An officer is entitled to qualified immunity for the seizure of property if "the facts known to him at the time of the seizure at least arguably created a reasonable suspicion "associat[ing] the property with criminal activity.' " *Lindsey v. Storey,* 936 F.2d 554 559 (11th Cir.1991)(quoting *Payton v. New York,* 445 U.S. 573, 587, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980)).

Furthermore, even if the warrant were invalid the officers would still be entitled to qualified immunity for two reasons. First, that an officer conducts a warrantless search does not prevent his being immune. "[I]t is inevitable that law enforcement officials will in some cases reasonably but mistakenly conclude that probable cause is present, and we have indicated that in such cases those officials—like other officials who act in ways they reasonably believe to be lawful—should not be held personally liable." *Anderson v. Creighton,* 483 U.S. 635, 641, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). Second, the search was conducted on uninhabited property or an "open field" that is subject to search without a warrant. *See Oliver v. U.S.,* 466 U.S. 170, 179, 104 S.Ct. 1735, 80 L.Ed.2d 214(1984)("[O]pen fields do not provide the setting for those intimate activities that the Amendment is intended to shelter from government interference or surveillance [, and] ... [i]t is not generally true that fences or "No Trespassing' signs effectively bar the public from viewing open fields in rural areas."); *U.S. v. Berrong,* 712 F.2d 1370, 1374 (11th Cir.1983) ("there is no legitimate expectation of privacy in outbuildings and open fields, even if fenced, unless they are part of the curtilage").

5

No characterization of the facts of this case or of existing law would allow this court to find that the officers violated the clearly established constitutional rights of the Maughons. Therefore, we affirm the district court's grant of qualified immunity to the individual defendants on each of the federal causes of action.

As for the state claims against the individual defendants, we agree with the defendants that they are entitled to official immunity under Georgia law. The Georgia Constitution provides that employees of the state shall be subject to suit for performing their discretionary functions only "if they act with actual malice or with actual intent to cause injury in the performance of their official functions." Ga. Const. of 1983, art. I, § II, ¶ IX(d); *Gilbert v. Richardson,* 264 Ga. 744, 452 S.E.2d 476, 483 (Ga.1994)(deputy sheriff immune from personal liability when performing official law enforcement function). Because sheriff's department employees are entitled to this immunity and because the Maughons have presented no proof that the defendants acted with intent to cause them harm, we hold Georgia's doctrine of official immunity extends to the individual defendants in this case.

The judgment of the district court is AFFIRMED.