Rockingham
No. 97-288

RICHARD S. SNIERSON & a.

v.

ROBERT T. SCRUTON & a.

April 12, 2000

*Backus, Meyer, Solomon, Rood & Branch,* of Manchester (*Robert A. Backus* on the brief and orally), for the plaintiffs.

*McKittrick Law Offices,* of North Hampton (*J. Joseph McKittrick* on the brief and orally), for defendants *Robert T.* and *Janet E. Scruton.*

*Law Office of Rodney L. Stark, P.A.,* of Manchester (*Sherry M. Hieber* on the brief and orally), for defendants *Tate & Foss, Inc.* and *Barbara Dunkle.*

HORTON, J. The plaintiffs, Richard and Alexandria Snierson, appeal the decision of the Superior Court (*McHugh,* J.) dismissing their petition in equity for failure to state claims upon which relief could be granted. We affirm in part, reverse in part, and remand.

In August 1994, the plaintiffs entered into a sales agreement to purchase a residence from defendants Robert and Janet Scruton. The closing occurred on September 27, 1994. The plaintiffs allegedly encountered subsequent difficulties with the septic system. They contend that the Scrutons, the Scrutons' realtor, defendant Tate & Foss, Inc. (Tate & Foss), and the real estate agent, defendant Barbara Dunkle, misrepresented and withheld facts relating to the septic system and various other deficiencies in the property in a seller's disclosure form and in oral communications. Based primarily on these allegations, the plaintiffs filed a lengthy petition in superior court requesting rescission of the real estate conveyance, disgorgement of the realtor's commission, and other relief.

The petition contains the following counts: count I (against the Scrutons), entitled "Rescission [B]ased Upon Common Law Fraud and Misrepresentation and Fraud in the Inducement"; count II (against Tate & Foss and Dunkle), entitled "Rescission [B]ased Upon Common Law Fraud and Misrepresentation and Fraud in the Inducement by the Scrutons' Agent"; count III (against the Scrutons), entitled "Rescission for Failure of Consideration"; count IV (against Tate & Foss and Dunkle), entitled "Re[s]cis[s]ion Based Upon Violation of Consumer Protection Act, RSA Ch[apter] 358-A"; count V (against the Scrutons), entitled "Rescission Based Upon Written Misrepresentations"; count VI (against the Scrutons), entitled "Rescission Based Upon Violation of Duties Under RSA 477:4-c and RSA 4[7]7:4-d"; count VII (against the Scrutons), entitled "Rescission [B]ased Upon Common Law Negligent Misrepresentation"; count VIII (against the Scrutons), entitled "Rescis-

sion Based Upon Violation of Implied Covenant [t]o Act in Good
Faith and [t]o Deal Fairly"; count IX (against Tate & Foss and
Dunkle), entitled "Rescission Based Upon Violation of Implied
Covenant [t]o Act in Good Faith and [t]o Deal Fairly"; count X
(against Tate & Foss and Dunkle), entitled "Violation of Duty under
RSA Chapter 331-A"; count XI (against Tate & Foss and Dunkle),
entitled "Violation of Duty under RSA Chapter 331-A and N.H. Real
Estate Commission Rule Rea 701.02"; count XII (against Tate &
Foss and Dunkle), entitled "Violation of Duty under RSA Chapter
331-A and N.H. Real Estate Commission Rule Rea 701.05"; and
count XIII (against Tate & Foss and Dunkle), entitled "Negligence."

The defendants moved to dismiss the petition. The court dis-
missed all counts for failure to state a claim upon which relief could
be granted, and the plaintiffs unsuccessfully moved for reconsider-
ation. The court also denied the plaintiffs' motion to amend because,
among other reasons, the petition was a "blatant abuse of the
system."

Both structurally and substantively, the plaintiffs' petition is
onerous. It is forty-four pages long and contains nearly two hundred
paragraphs. The first twenty-four pages are an amalgam of diverse
factual and legal assertions relating to the property at issue. In the
remaining twenty pages of the petition, the plaintiffs plead thirteen
counts. Several counts are repetitious, most are captioned in a
confusing fashion, and many lack elements and/or sufficient sup-
porting factual allegations. We do not condone pleadings that reach
such a level of prolixity. *See Green v. Shaw*, 114 N.H. 289, 291, 319
A.2d 284, 285 (1974); *Morency v. Plourde*, 96 N.H. 344, 346, 76 A.2d
791, 792 (1950). When faced with an excessively burdensome and
muddled pleading, the trial court may require the submitting party
to file a more orderly and concise pleading. *See Porter v. Dziura*, 104
N.H. 89, 90, 179 A.2d 281, 282 (1962).

■ The plaintiffs argue on appeal that certain of their claims
were sufficiently pleaded. When reviewing a decision of the trial
court dismissing a cause of action for failure to state a claim, we
assume all allegations in the plaintiffs' pleadings to be true and
construe all reasonable inferences therefrom in the light most
favorable to the plaintiffs. *Thompson v. Forest*, 136 N.H. 215, 216,
614 A.2d 1064, 1065 (1992). We will not, however, "assume the truth
or accuracy of any allegations which are not well-pleaded, including
the statement of conclusions of fact and principles of law." *ERG,
Inc. v. Barnes*, 137 N.H. 186, 190, 624 A.2d 555, 558 (1993). We will
reverse the trial court when the allegations in the plaintiffs'

pleadings are reasonably susceptible of an interpretation that would permit recovery. *Thompson*, 136 N.H. at 216, 614 A.2d at 1065.

*I. Fraud and Negligent Misrepresentation as to the Scrutons*

The plaintiffs first argue that their petition states a claim of fraud against the Scrutons. We agree.

██ To establish fraud, a plaintiff must prove that the defendant made a representation with knowledge of its falsity or with conscious indifference to its truth with the intention to cause another to rely upon it. *Patch v. Arsenault*, 139 N.H. 313, 319, 653 A.2d 1079, 1083-84 (1995). In addition, a plaintiff must demonstrate justifiable reliance. *Gray v. First NH Banks*, 138 N.H. 279, 283, 640 A.2d 276, 279 (1994). A plaintiff cannot allege fraud in general terms, but must specifically allege the essential details of the fraud and the facts of the defendants' fraudulent conduct. *Proctor v. Bank of N.H.*, 123 N.H. 395, 399, 464 A.2d 263, 265 (1983).

The plaintiffs allege in count V that: (1) the Scrutons made written misrepresentations to them in a disclosure form regarding their septic system and compliance with various legal requirements with knowledge of the falsity of the representations or with conscious indifference to the truth; (2) the Scrutons intended to induce their reliance; and (3) the plaintiffs reasonably relied on the Scrutons' misrepresentations to their detriment. The plaintiffs specifically allege that, in a form entitled "REPRESENTATIONS BY SELLER," the Scrutons represented that: (1) they had had no problems with their septic tank or leaching field; (2) there had been no room additions, structural modifications, or other alterations or repairs made to the property without the necessary permits or that were noncompliant with building codes; (3) there were no zoning violations, non-conforming uses, or set-back requirement violations; and (4) the septic system was neither installed nor modified after August 30, 1977. The plaintiffs allege that, in fact, the Scrutons had encountered difficulties with their septic system, and that they had built an addition to the home and modified its plumbing in violation of the Rye Building Code, Rye Zoning Ordinance, and other provisions of law. They further allege that the septic system was modified by the Scrutons after August 30, 1977, and that the property does not actually contain a leach field. Finally, they allege that the Scrutons knew or should have known about the property's defects because they lived there for nineteen years. Further supporting the plaintiffs' allegation that the Scrutons knew or should have known of the septic defects are specific allegations that

the septic tank has a working capacity substantially smaller than that required when the Scrutons obtained the building permit for their addition in 1977, that the Scrutons themselves had problems with the septic tank, and that the plaintiffs have noticed a foul odor from time to time since they moved in.

■ The plaintiffs have sufficiently pleaded the elements of fraud by specifically alleging the "essential details of the fraud" and "the facts of the defendant's fraudulent actions." *Proctor*, 123 N.H. at 399, 464 A.2d at 265. The plaintiffs' petition is, therefore, reasonably susceptible of a construction that would permit recovery for fraud against the Scrutons.

The plaintiffs next argue that the petition states a claim of negligent misrepresentation against the Scrutons. We agree.

The elements of that cause of action are a negligent misrepresentation of a material fact by the defendant and justifiable reliance by the plaintiff. *Hydraform Prods. Corp. v. American Steel & Alum. Corp.*, 127 N.H. 187, 200, 498 A.2d 339, 347 (1985). "It is the duty of one who volunteers information to another not having equal knowledge, with the intention that he [or she] will act upon it, to exercise reasonable care to verify the truth of his [or her] statements before making them." *Patch*, 139 N.H. at 319, 653 A.2d at 1084 (quotation omitted).

■ As outlined in our analysis of the fraud claim, the allegations in count V include that the representations made by the Scrutons were false and that the Scrutons should have known of their falsity. In addition, the plaintiffs allege that the representations were integral to the sales agreement and that they reasonably relied to their detriment on the false representations. Accordingly, the plaintiffs have sufficiently pleaded negligent misrepresentation against the Scrutons.

■ The Scrutons argue that because the seller's disclosure form expressly warned that it did not constitute a warranty and was not a substitute for a buyer's inspection, it would be "illogical to conclude that [they] intended the [plaintiffs] to rely upon their statements" in the form. We disagree. The warning in the disclosure form does not preclude the finder of fact from determining in the context of a fraud or negligent misrepresentation claim that the Scrutons intended to induce the plaintiffs' reliance with their written disclosures.

The Scrutons also argue that because the disclosure form required them to reveal only known "significant" defects, they did not

misrepresent facts when they answered questions in the form. The plaintiffs allege that the Scrutons knew or should have known of the alleged defects and that their disclosures were misrepresentations. The plaintiffs also allege defects in the property that could be considered significant. Whether the Scrutons' written disclosures constitute misrepresentations, and whether the language of the disclosure form is pertinent to those determinations, are questions for the fact finder on remand.

*II. Equitable Rescission as to Tate & Foss and Dunkle*

The plaintiffs argue that the trial court erroneously dismissed their claim, set forth in count II of the petition, for rescission as to Tate & Foss and Dunkle based on their fraud and misrepresentation. The plaintiffs elected to seek rescission as to these defendants in lieu of seeking damages. Specifically, they seek the disgorgement of the real estate commission paid by the Scrutons to Tate & Foss and Dunkle. According to the plaintiffs' prayer for relief, the disgorged commission, plus interest, is to be paid directly to them, whereupon they will credit the Scrutons with that amount against the amount due them from the Scrutons.

■ We conclude that the plaintiffs have no legal interest in any commission paid to Tate & Foss and Dunkle by the Scrutons, and thus they have no standing to seek its repayment. *See* 59 AM. JUR. 2D *Parties* § 30 (1987). We therefore affirm the trial court's dismissal of count II.

*III. Violation of RSA 477:4-c and :4-d*

The plaintiffs next argue that they have adequately pleaded a claim against the Scrutons in count VI of the petition, entitled "Rescission Based Upon Violation of Duties Under RSA 477:4-c and 4[7]7:4-d." We disagree.

■ The plaintiffs argue that RSA 477:4-c and :4-d (Supp. 1999) create private causes of action. Nowhere in these statutes, however, does the legislature indicate an intention to create a private right of action. Further, the plaintiffs fail to point to any legislative history in support of their interpretation. Absent the legislature's express or implied intent to create a private right of action, we conclude that the statute does not do so. *Marquay v. Eno*, 139 N.H. 708, 715-16, 662 A.2d 272, 278 (1995).

The plaintiffs also argue that RSA 477:4-c and :4-d define a standard of conduct applicable to sellers of real estate. Before a statutory duty replaces the reasonable person standard in a negli-

gence cause of action, we must first determine whether the common law recognizes liability for a similar failure to act. *See id.* at 716, 662 A.2d at 278. The statutes required the Scrutons to disclose, prior to the sale of the property, information relating to the property's sewage disposal system, including the size of the tank, the type of system, its location, any malfunctions, the age of the system, the date it was most recently serviced, and the name of the contractor who services the system. *See* RSA 477:4-c, I(b), :4-d, I(b). If the requisite information was unknown or unavailable to the Scrutons, they were required to so state in writing. *See* RSA 477:4-c, II, :4-d, II. In contrast, a seller of real estate is required by common law to disclose concealed defects that are known to the seller, unknown to the buyer, incapable of detection upon a reasonable inspection, and dangerous to property or life. *See Ingaharro v. Blanchette*, 122 N.H. 54, 57, 440 A.2d 445, 447 (1982).

██ The statutes in question require a seller to disclose information that would not necessarily have to be disclosed under the common law. They require disclosure of information other than concealed defects, a written statement confirming the seller's lack of knowledge of any requisite information, and disclosure of defects regardless of the buyer's knowledge, whether or not the defects could be detected upon a reasonable inspection, and whether or not the defects are dangerous to property or life. Because a seller's statutory duty to disclose information relative to septic systems is significantly broader than the common law duty to disclose latent defects, we conclude that it cannot define the standard of conduct in a common law negligence cause of action.

*IV. Consumer Protection Act*

The plaintiffs next argue that the trial court erred in dismissing count IV, which asserts a claim under the Consumer Protection Act, RSA ch. 358-A (1995) (amended 1996, 1997, 1999). The trial court dismissed count IV, ruling that the real estate transaction was not commercial in nature and therefore the statute afforded the plaintiffs no basis for relief. Tate & Foss and Dunkle argue that their agency relationship with the sellers does not alter the strictly private nature of the real estate transaction under RSA chapter 358-A and that the plaintiffs fail to allege unfair or deceptive conduct. We disagree.

██ RSA 358-A:2 (1995) (amended 1996, 1997, 1999) prohibits unfair or deceptive acts in the conduct of any trade or commerce. "Trade" and "commerce" include acts incidental to the sale of real

estate. *See* RSA 358-A:1, II (1995). A seller of real estate cannot be held liable under the Consumer Protection Act for conduct related to an isolated transaction that was not conducted in the ordinary course of business. *Hughes v. DiSalvo*, 143 N.H. 576, 578-79, 729 A.2d 422, 424 (1999). A realtor engaging in deceptive or misleading acts while conducting its business, however, falls within the purview of the statute. *See id.*; RSA 358-A:1, II.

The plaintiffs allege in count IV that Tate & Foss and Dunkle violated RSA 358-A:2 "by misrepresenting the Scrutons' house, lot and utilities, including but not limited to the septic system, to the [plaintiffs], as set forth herein." Count IV incorporates allegations of misrepresentation made against Tate & Foss and Dunkle previously in the petition, including that: (1) Dunkle misrepresented material facts; (2) she did so to induce the plaintiffs to enter into the real estate contract; (3) "Dunkle had reason to know that she did not have sufficient knowledge to make such statements and, therefore, made such statements with reckless disregard for their truth or correctness"; (4) the plaintiffs believed and relied on the representations; and (5) "[t]he Scrutons, Tate & Foss and Dunkle did not give the [plaintiffs] reason to believe that the said representations were not true," thus alleging the reasonableness of their reliance. Count IV also incorporates the averment that Dunkle was acting within the course and scope of her employment by Tate & Foss, sufficient to allege *respondeat superior, see Trahan-Laroche v. Lockheed Sanders*, 139 N.H. 483, 485, 657 A.2d 417, 419 (1995), and allegations that Tate & Foss and Dunkle acted in their business capacities. We conclude that the allegations of misrepresentation against Tate & Foss and Dunkle support a claim of unfair or deceptive trade practices under the Consumer Protection Act. Accordingly, the trial court erred in dismissing the plaintiffs' Consumer Protection Act claim.

We reject the contention by Tate & Foss and Dunkle that the Consumer Protection Act claim was untimely filed. Pursuant to the version of RSA 358-A:3, IV-a (1995) (amended 1996) in effect at the time of the real estate transaction, the plaintiffs were required to bring their claim within two years of the real estate transaction. *See Catucci v. Lewis*, 140 N.H. 243, 244-45, 665 A.2d 378, 379 (1995). The real estate transaction was consummated at the closing, *see Bursey v. Clement*, 118 N.H. 412, 415-16, 387 A.2d 346, 348 (1978), which occurred on September 27, 1994. The petition was filed on September 25, 1996, within two years of the closing. Therefore, the plaintiffs' Consumer Protection Act claim was timely filed.

*V. Remaining Counts*

We need not address the dismissal of the claims asserted in counts III, VIII, and IX because the plaintiffs offer no legal argument in their brief concerning these counts and thus have waived their appeal as to them. *See Aubert v. Aubert*, 129 N.H. 422, 428, 529 A.2d 909, 913 (1987). We affirm the dismissal of the claims in counts X through XII because "the legislature intended [RSA chapter 331-A] to have no effect outside the ethical, licensing, and disciplinary confines of the business." *Finlay Commercial Real Estate v. Paino*, 133 N.H. 4, 8, 573 A.2d 125, 127 (1990). Because count XIII was withdrawn below, we need not address it. The claims asserted against the Scrutons in counts I and VII, fraud and negligent misrepresentation, are redundant in light of our decision; therefore, we affirm the dismissal of these counts.

In conclusion, the plaintiffs' petition states claims of fraud and negligent misrepresentation against the Scrutons, and violation of the Consumer Protection Act against Tate & Foss and Dunkle. In view of the foregoing, we need not address the plaintiffs' remaining issues on appeal.

*Affirmed in part; reversed in part; remanded.*

BRODERICK and NADEAU, JJ., did not sit; JOHNSON, J., retired, sat by special assignment pursuant to RSA 490:3; all concurred.