Baldi v. Bourn, et al.                    CV-01-396-JD  05/16/02
                UNITED STATES DISTRICT COURT FOR THE
                     DISTRICT OF NEW HAMPSHIRE


John Baldi

        v.                             Civil No. 01-396-JD
                                       Opinion No. 2002 DNH 095
Eric Bourn, James McKenzie,
and Paul Pearson


                            O R D E R


     The plaintiff, John Baldi, proceeding pro se, brings a civil

rights action pursuant to 42 U.S.C.A. § 1983 against Eric Bourn,

a police officer in Epsom, New Hampshire; James McKenzie, a

conservation officer with the New Hampshire Fish and Game

Department, and Paul Pearson, a resident of Epsom.  Baldi alleges

that the defendants violated his Fourth and Fourteenth Amendment

rights and committed many state law violations when Bourn and

Pearson entered Baldi's field after Baldi shot two deer.

McKenzie moves to dismiss the claims against him, and Bourn moves

for judgment on the pleadings on counts XV through XXI.  Baldi

objects to both motions.



                           Background

     John Baldi lives on a farm on Center Hill Road in Epsom, New

Hampshire, where he grows alfalfa and Christmas trees.  He

alleges that he complained to the New Hampshire Fish and Game

Department about damage to his crops caused by deer, to no avail. He states that in 1995 he discovered that he had a right to shoot deer on his property and obtained an order from Merrimack County Superior Court requiring the Fish and Game Department to enter an agreement with him that would allow him to shoot deer on his property for four years.

During the evening of November 8 or 9, 1998, at approximately 10 p.m., Baldi shot two deer in his field located on the south side of the road. Shortly thereafter, Officer Bourn drove an Epsom police cruiser across the field to where Baldi was standing with the deer. Bourn got out of the cruiser and talked with Baldi.

While they were talking, a large white boom truck drove across the field toward them. Pearson, who was unknown to Baldi, got out of the truck and charged toward Baldi in a menacing way. Officer Bourn stepped in front of Pearson, told him everything was all right, and told him to leave. Pearson and Bourn left.

Baldi alleges that Bourn and Pearson then met with McKenzie at the cemetery on Center Hill Road. He also alleges that the three had met before Bourn and Pearson entered his field. He states that McKenzie, Bourn, and Pearson knew that it was Baldi shooting in the field.

I. McKenzie's Motion to Dismiss

McKenzie moves to dismiss all of the federal claims brought against him on the grounds that Baldi has failed to allege that he was acting under color of state law and has failed to allege any constitutional violations. If the federal claims are dismissed, McKenzie asks that the court decline supplemental jurisdiction as to Baldi's state law claims. Baldi objects, primarily relying on the argument and cases cited in his complaint.

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court takes all well-pled facts in the complaint as true and draws all reasonable inferences in the plaintiff's favor. Tompkins v. United Healthcare of New England, Inc., 203 F.3d 90, 93 (1st Cir. 2000). The court "must carefully balance the rule of simplified civil pleadings against our need for more than conclusory allegations." Aybar v. Crispin-Reyes, 118 F.3d 10, 13 (1st Cir. 1996) (quotation omitted). A claim will be dismissed "only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory." Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000). A complaint filed by a pro se litigant is held to less stringent standards than one drafted by a lawyer. See Haines v. Kerner, 404 U.S.

519, 520 (1972).

In order to bring a § 1983 claim, a plaintiff must allege a constitutional violation caused by state action.  See Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 929 (1982); Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249, 253 (1st Cir. 1996). Section 1983 does not provide relief for actions by private parties who are not acting under color of state law.  See Gonzalez-Morales v. Hernandez-Arencibia, 221 F.3d 45, 49 (1st Cir. 2000).  When a § 1983 claim is alleged against a state officer based on the officer's conduct in the course of his official duties, even when that conduct is a misuse or abuse of his authority, the state action requirement is satisfied.  See Hafer v. Melo, 502 U.S. 21, 28 (1991).  "In distinguishing private action from state action, the general inquiry is whether 'a state actor's conduct occurs in the course of performing an actual or apparent duty of his office, or . . . is such that the actor could not have behaved in that way but for the authority of his office.'"  Zambrana-Marrero v. Suarez-Cruz, 172 F.3d 122, 125 (1st Cir. 1999) (quoting Martinez v. Colon, 54 F.3d 980, 986 (1st Cir. 1995)).

McKenzie contends that Baldi has not alleged facts that show that he was acting in his official capacity when the events Baldi alleges occurred.  Baldi alleges that McKenzie is "a State Police

4

officer, in the State of New Hampshire, employed by the New Hampshire Fish and Game Department, and performs his official duties from New Hampshire Fish and Game Office . . . ." Complaint ¶ 5. He refers to McKenzie as a state police officer throughout the complaint. Although Baldi's allegations do not explain what official duties McKenzie was undertaking by meeting with Bourn and Pearson in the Center Hill Cemetery, an inference may be drawn that the alleged meeting involved McKenzie's official duties as a Fish and Game Officer since it pertained to Baldi's activity of shooting deer. Given the lenient view taken of pro se pleadings, Baldi's allegations of official conduct are sufficient to avoid dismissal for lack of state action.[1]

A. <u>Count II Equal Protection - Conspiracy</u>

Baldi alleges in Count II that McKenzie conspired with Bourn and Pearson to acquiesce in Bourn's failure to prosecute Pearson for his criminal actions against Baldi. He contends that Bourn's failure to prosecute Pearson violated his Fourteenth Amendment right to equal protection. McKenzie moves to dismiss the conspiracy claim against him on the ground that Baldi has failed to allege an equal protection violation.

---

[1]Although Baldi is apparently a law student, he is, nevertheless, a pro se litigant.

5

The equal protection clause of the Fourteenth Amendment requires states to provide "equal protection of the laws" to all persons within a state's jurisdiction.  U.S. Const. amend XIV. To state a claim for a violation of equal protection, a plaintiff must "allege facts indicating that, compared with others similarly situated, [he] was selectively treated based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person."  Barrington Cove Ltd. P'ship v. R.I. Housing & Mortgage Fin. Co., 246 F.3d 1, 7 (1st Cir. 2001) (internal quotation omitted).  Since there is no constitutional right to police protection, a plaintiff alleging a violation of equal protection based on an officer's failure to prosecute criminal conduct must allege facts to show the officer's discriminatory intent.  See Hayden v. Grayson, 134 F.3d 449, 452-53 (1st Cir. 1998); see also United States v. Armstrong, 517 U.S. 456, 465 (1996).

Baldi alleges no facts to indicate that Bourn was motivated by discriminatory intent in his decision not to prosecute Pearson for his allegedly criminal conduct when he entered Baldi's field. Absent discriminatory intent, Baldi does not state a claim that Bourn violated his right to equal protection.  Since a civil rights conspiracy claim requires proof of a constitutional

6

deprivation, McKenzie is entitled to summary judgment on Baldi's claim that McKenzie conspired with Bourn and Pearson to violate his right to equal protection. See Brennan v. Hendrigan, 888 F.2d 189, 195 (1st Cir. 1989); Rubin v. Smith, 919 F. Supp. 534, 539 (D.N.H. 1996).

B.   Counts III and IV - Fourth Amendment

In Count III, Baldi alleges that McKenzie violated his Fourth Amendment right to be secure in his person and property by allowing and sending Pearson onto Baldi's property "in an attempt to feint seizure, harm, threaten, and frighten him in violation of his rights." Complaint ¶ 35. Baldi alleges in Count IV that the defendants conspired to violate his right to be secure in his person and property. McKenzie moves to dismiss both claims in part on the ground that Baldi has not alleged a Fourth Amendment violation.

"The Fourth Amendment provides that '[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . .'" Nieves v. McSweeney, 241 F.3d 46, 54 (1st Cir. 2001) (quoting U.S. Const. amend. IV). "'[A] person has been "seized" within the meaning of the Fourth Amendment only if, in view of all of the circumstances surrounding the incident, a

reasonable person would have believed that he was not free to leave.'" Fournier v. Reardon, 160 F.3d 754, 757 (1st Cir. 1998) (quoting United States v. Mendenhall, 446 U.S. 544, 554 (1980)). Intrusions into personal privacy implicate the Fourth Amendment only when the challenged conduct infringes on a person's actual expectation of privacy that society also recognizes as reasonable. Vega-Rodriguez v. P.R. Tel. Co., 110 F.3d 174, 178 (1st Cir. 1997); United States v. Lewis, 40 F.3d 1325, 1333 (1st Cir. 1994).

Privacy rights have been recognized in the home and places adjacent to the home, known as the curtilage, but not in less private areas such as the walkway leading to the house. See Bilida v. McCleod, 211 F.3d 166, 171 (1st Cir. 2000). Open fields, even those protected with fencing and "no trespassing" signs, are not subject to an expectation of privacy protected by the Fourth Amendment. Oliver v. United States, 466 U.S. 170, 176 (1984); see also United States v. Lewis, 240 F.3d 866, 871 (10th Cir. 2001); Maughon v. Bibb County, 160 F.3d 658, 661 (11th Cir. 1998). A voluntary discussion with police, when the individual is free to leave, is neither a search nor a seizure. See United States v. Scott, 270 F.3d 30, 40 (1st Cir. 2001).

Baldi alleges that Bourn, wearing his uniform, drove a police cruiser to the area of Baldi's field where he was

8

standing, got out of the cruiser, and talked with him.  He alleges that Pearson drove his truck into the field, got out of his truck, and charged at Baldi in a menacing manner.  Bourn prevented Pearson from reaching Baldi, and then both Bourn and Pearson left.

Those allegations do not even suggest that Baldi was not free to leave at any time during the alleged events or that he had a reasonable expectation of privacy in that area of his field.[2]  Therefore, Baldi has failed to state a Fourth Amendment violation.  As noted above, in the absence of a constitutional violation, he also fails to state a conspiracy claim.  Counts III and IV against McKenzie are dismissed.

C.   Counts V and VI - Fourteenth Amendment

Baldi alleges that the defendants' conduct deprived him of his Fourteenth Amendment right "to possess, protect and use property in a legal manor [sic], free of government or police interference . . . ."  Complaint ¶ 41.  He also alleges that

_____

[2]Although a show of force is not required to effect a seizure, a display of authority does not amount to a seizure "unless it results in the intentional 'acquisition of physical control' over the subject and causes a 'termination of [his] freedom of movement.'"  Britton v. Maloney, 196 F.3d 24, 30 (1st Cir. 1999) (quoting Brower v. County of Inyo, 489 U.S. 593, 596-97 (1989)).

9

McKenzie conspired with Bourn and Pearson to deprive him of that right. McKenzie moves to dismiss in part on the ground that Baldi does not allege a due process violation cognizable under the Fourteenth Amendment.

Pertinent to Baldi's claim, the Fourteenth Amendment prohibits the states from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. As part of a procedural due process claim under the Fourteenth Amendment, a plaintiff must allege facts to show that the defendants deprived him of a property interest protected by state law. See PFZ Props., Inc. v. Rodriguez, 928 F.2d 28, 30 (1st Cir. 1991). To state a substantive due process claim, a plaintiff must allege either that he was deprived of a protected property interest or entitlement or that the defendants' "conduct was so egregious as to shock the conscience." Barrington Cove Ltd., 246 F.3d at 5.

Baldi's allegations do not suggest that he was deprived of any property interest or protected entitlement. The defendants did not take anything or prevent Baldi from using his property.[3]

_____

[3]By the time Bourn and Pearson arrived, Baldi had already shot the deer. He does not allege that they took the deer, prevented him from shooting other deer, or in any way deprived him of any property or alleged property interests. The court does not address the issue urged by Baldi as to whether his shooting activities were legal. See N.H. Rev. St. Ann. § 207:3.

10

The defendants' conduct does not shock the conscience.  Although Baldi argues that the defendants trespassed onto his property, "a trespass to property, negligent or intentional, is a common law tort; it does not infringe the federal constitution."  Wise v. Bravo, 666 F.2d 1328, 1335 (10th Cir. 1981).

Lacking allegations that he was deprived of a protected property interest or subjected to conduct that shocks the conscience, Baldi does not state a Fourteenth Amendment due process claim.  Therefore, his claim of a violation of his Fourteenth Amendment right in Count V and his conspiracy claim in Count VI are dismissed as to McKenzie.

D.  State Law Claims

In the event the federal claims against McKenzie were dismissed, he asks the court to decline supplemental jurisdiction as to the state law claims against him.  Since McKenzie is the only defendant, of three, who moved to dismiss the federal claims, the federal claims remain as to the other two defendants. Therefore, the court has original subject matter jurisdiction over the civil rights action under 28 U.S.C.A. § 1331 and supplemental jurisdiction over the state law claims as to all

11

three defendants under 28 U.S.C.A. § 1367(a).[4]  Should the federal claims against Eric Bourn and Paul Pearson ultimately be dismissed also, the court will decline supplemental jurisdiction on all state claims.

II.  Eric Bourn's Motion for Judgment on the Pleadings

Bourn moves for judgment on the pleadings in his favor on six of the state law claims Baldi alleges against him, Counts XV through XXI.  Those claims allege causes of action based on alleged violations of New Hampshire criminal statutes and conspiracy to violate those statutes.  Bourn contends that no private right of action exists as to the cited statutes.

Baldi claims a private right of action pursuant to New Hampshire Revised Statutes Annotated ("RSA") §§ 634:2, 629:2, 629:3, 631:3, 631:4, and 635:2.  Under New Hampshire law, no private right of action arises under a statute "[a]bsent the legislature's express or implied intent to create a private right of action." Snierson v. Scruton, 145 N.H. 73, 79 (2000).  Baldi cites RSA 625:5 in support of his claims.

RSA 625:5 provides that the criminal code does not affect

---

[4]  McKenzie does not ask the court to decline supplemental jurisdiction based on other grounds.  See, e.g., 28 U.S.C.A. § 1367(c).

any right or liability "authorized by law to be recovered or enforced in a civil action, regardless of whether the conduct involved in such civil action constitutes an offense defined in this code." Far from suggesting the legislature's intent to create private rights of action under the criminal code, by exempting existing civil causes of action from any effect due to the criminal code, RSA 625:5 implies that the criminal code does not provide civil causes of action. Baldi provides no other support for his theory that private rights of action exist under the cited provisions of the criminal code. See Snierson, 145 N.H. at 79.

Since New Hampshire law does not appear to recognize private rights of action pursuant to the cited provisions of the criminal code, Bourn is entitled to judgment on the pleadings on Counts XV through XXI. See also 28 U.S.C.A. § 1367(c)(1).


Conclusion

For the foregoing reasons, defendant James McKenzie's motion to dismiss (document no. 7) is granted as to the federal claims brought against him but is denied as to the state claims.


13

Defendant Eric Bourn's motion to dismiss Counts XV through XXI is granted.

    SO ORDERED.


                                    _____
                                    Joseph A. DiClerico, Jr.
                                    United States District Judge

May 16, 2002

cc:  John A. Baldi, pro se
     R. Matthew Cairns, Esquire
     Paul A. Maggiotto, Esquire
     Amy B. Mills, Esquire