[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11743
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 17, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-00279-CV-3-MCR-MD

RONALD D. FLEMING,
ROBBYE J. FLEMING,

Plaintiffs-Appellants,

versus

DEPUTY TAMA BARBER,
Escambia County Deputy Sheriff,
ROBERT WELLER,
Escambia County Deputy Sheriff,
JERRY GULSBY,
Escambia County Deputy Sheriff,
STAN REED,
Escambia County Deputy Sheriff,
SHANE LEWIS,
Escambia County Deputy Sheriff, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(June 17, 2010)

Before EDMONDSON, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiffs-Appellants Ronald D. Fleming and his wife Robbye J. Fleming brought suit against a host of local, state and federal officials[1] alleging violations of the Fourth and Fourteenth Amendments arising from a 2005 search of their home, the seizure of their property, and the related arrest and prosecution of Ronald D. Fleming for sexual battery of a minor. The district court granted the Defendant's Rule 12(b)(6) motions to dismiss; summary judgment was granted in favor of the other Defendants. No reversible error has been shown; we affirm.

We summarize briefly the facts.[2] In the spring of 2005, Fleming was being investigated based on allegations that he had sexually abused a young girl who, along with her mother and younger sibling, had resided with the Flemings.

---

[1]Defendants-Appellees include law enforcement officers from Escambia, Santa Rosa and Okaloosa counties, the City of Pensacola police department, the Florida State Attorney and two Assistant State Attorneys, an employee of the United States Navy Crime Investigation Service, and a United States Marshal. Other defendants also were named below but are not appellees in this appeal. Suit against persons alleged to have been acting under color of state law was brought pursuant to 42 U.S.C. § 1983; suit against federal actors was pursuant to Bivens, Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 91 S.Ct. 1999 (1971).

[2]Plaintiffs failed to include a statement of disputed facts in response to the law enforcement defendants' motion for summary judgment. Pursuant to the local rules of the United States District Court for the Northern District of Florida, the material facts set out by the law enforcement defendants is deemed admitted by Plaintiffs.

Defendant Barber observed the child's interview by the child protection team; she prepared a search warrant and affidavit in support of the warrant which she submitted to Judge Kinsey. Judge Kinsey issued the search warrant and attested that the supporting affidavit had been "sworn to and subscribed" before her. In fact, Defendant Barber had failed to sign the affidavit.[3]

Plaintiffs' claims of unconstitutional acts chiefly are dependant on the absence of Barber's signature on the affidavit.[4] Based on this deficiency, Plaintiffs argue that Barber and all the other law enforcement officials participating in the search knew or should have known that the search warrant was invalid and knew or should have known that a search pursuant to the warrant violated Plaintiffs' Fourth Amendment rights. Plaintiffs sought discovery generally on the immunity defenses asserted by Defendants; discovery specifically was sought on the issue of whether Barber knew the facially valid search warrant for the Fleming residence was invalid.[5]

---

[3]The affidavit in support of the search warrant for the Fleming residence was one of several affidavits in support of search warrants presented by Defendant Barber to Judge Kinsey at the same time. Defendant Barber first learned that the Fleming affidavit was unsigned by her during the state criminal proceedings against Ronald Fleming; the state court ruled that the absence of Barber's signature was fatal to the validity of the search warrant.

[4]We see no merit in Plaintiffs' challenge to the sufficiency of the information in the probable cause affidavit.

[5]Plaintiffs speculate that Judge Kinsey failed to review the affidavit and warrant before signing the warrant in Barber's presence and, because of that alleged failure, the warrant was

<u>Discovery</u>

The district court concluded that Plaintiffs failed to explain sufficiently why discovery was warranted, that the discovery sought would burden unfairly Defendants, and that no information likely would be obtained that would be relevant or helpful to the court's qualified immunity analysis.

Qualified immunity constitutes more than a defense to liability; it is an immunity from suit and, whenever possible, the distractions of pre-trial discovery. See <u>Mitchell v. Forsyth</u>, 105 S.Ct. 2806, 2815 (1985). Once a defendant raises the qualified immunity defense, "the trial court must exercise its discretion in a way that protects the substance of the qualified immunity defense. It must exercise its discretion so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings." <u>Crawford-El v. Britton</u>, 118 S.Ct. 1584, 1696 (1998); <u>see</u> <u>Harbert Intern., Inc. v. James</u>, 157 F.3d 1271, 1280 (11th Cir. 1998). The Supreme Court has "made clear that the 'driving force' behind creation of the qualified immunity doctrine was a desire to ensure that 'insubstantial claims' against government officials [will] be resolved prior to discovery." <u>Pearson v.</u>

_____

invalid. Extrapolating on this underlying and unsupported premise, Plaintiffs argue that Barber knew the facially valid search warrant was invalid because Barber witnessed the Judge's alleged failure.

4

Callahan, 129 S.Ct. 808, 815 (2009) (internal citation omitted)(alteration in original).  No abuse of  discretion has been shown; we see no error in the denial of discovery.

Qualified Immunity

"Qualified immunity protects government officials performing discretionary functions from suits in their individual capacities unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known."  Whittier v. Kobayashi, 581 F.3d 1304, 1307 -1308 (11th Cir. 2009) (internal quotations and citations omitted).  Plaintiffs do not dispute that each  law enforcement defendant was acting within the scope of his or her discretionary authority when the complained of acts occurred.   Because Defendants were engaged in a discretionary function, the burden shifts to the Plaintiffs -- the section 1983 claimants -- to show that no entitlement to qualified immunity exists.  Holloman ex rel. Holloman v. Harland, 370 F3d. 1252, 1264 (11th Cir. 2004).  To do this, Plaintiffs must show (1) the violation of a constitutional right; and (2) that this constitutional right was clearly established at the time of the alleged violation.  Id.

The district court concluded correctly that the search warrant for Plaintiffs's residence was facially valid: it referenced an affidavit establishing probable cause, described in sufficient detail the place to be searched and the things to be seized, and was signed by an authorized judicial officer. As fully explained by the district court, Defendants participating in the execution of the search warrant -- with the possible exception of Barber -- were entitled to rely on the facial validity of the warrant. And, also as explained by the district court, undisputed testimony shows that Barber's failure to sign the affidavit was inadvertent and unknown to Barber when the search warrant was obtained. Negligent or innocent mistakes in a warrant application support no Fourth Amendment constitutional claim. See Maughon v. Bibb County, 160 F.3d 658, 660 (11th Cir. 1998); Madiwale v. Savaiko, 117 F.3d 1321, 1327 (11th Cir. 1997).

For the reasons fully explained in the district court's opinion, Defendants' motion for summary judgment based on qualified immunity was due to be granted.[6]

We have considered all grounds asserted by Plaintiffs and conclude no reversible error has been shown.

_____

[6]Plaintiffs's brief includes no argument challenging the arrest of Ronald Fleming. To the extent this argument was made in District Court, it is deemed abandoned on appeal. Plaintiffs' brief mentions a press release made by Defendant Gowitzke that misstated inadvertently Ronald Fleming's criminal history; because no argument is made that the inaccurate press release violated Fleming's due process rights, Fleming is deemed to have abandoned a due process claim. For the reasons stated by the district court, Plaintiffs' claim for injunctive relief against Judge Kinsey properly was dismissed.

6

AFFIRMED.