# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2015-0424, <u>Brian Goodman v. Wells Fargo Bank, N.A.</u>, the court on June 10, 2016, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, Brian Goodman (owner), appeals an order of the Superior Court (<u>Smukler</u>, J.) dismissing for failure to state a claim his amended petition against the defendant, Wells Fargo Bank, N.A. (bank), seeking to enjoin the bank's foreclosure on his property.

We construe the owner's brief to argue that the trial court erred in dismissing his petition because: (1) as part of its motion to dismiss, the bank did not produce evidence that it had paid the prior mortgage, which the loan at issue was intended to refinance; (2) his allegation that the bank had not paid the prior mortgage created a question of material fact; (3) the bank's alleged failure to pay the prior mortgage constituted fraud; (4) a letter from the bank, which it subsequently contradicted by affidavit, stating that the bank did not hold or service his loan created a question of fact as to whether the bank owned his note; (5) the evidence did not support the trial court's conclusion that the bank presented the original note; (6) there was a factual dispute whether the bank held the original note and mortgage; (7) <u>if</u> the note was transferred to a mortgage-backed security, then the bank could not claim that it had always been in the bank's possession and it was unclear whom he should pay; (8) the court should have compared the written settlement agreement reached in March 2011 with the written partial modification of the note and mortgage executed by him in July 2009, although he did not mention the modification in the petition; (9) the bank should be "held accountable" for not submitting the 2009 modification to the trial court until 2015; (10) the bank breached the contract when it refused to accept his payments after he was in default and it failed to provide him with account statements, although he did not plead these allegations; (11) he did not receive "proper disclosure" under the federal Truth in Lending Act and its repose provision should be equitably tolled; (12) "Wells Fargo [ ] is not the same entity as World Savings or as Wachovia" (bolding and upper case omitted), although he did not plead this allegation; and (13) his March 2011 agreement with the bank's predecessor's counsel was binding upon the bank.

In reviewing the trial court's grant of a motion to dismiss for failure to state a claim, our standard of review is whether the allegations in the plaintiff's pleadings are reasonably susceptible of a construction that would permit recovery. Kassotis v. Town of Fitzwilliam, 166 N.H. 648, 650 (2014). We assume that the plaintiff's factual allegations are true and construe all reasonable inferences in the light most favorable to him. Id. We will not, however, assume the truth or accuracy of any allegations which are not well-pleaded, including conclusions of fact and principles of law. Snierson v. Scruton, 145 N.H. 73, 76 (2000). The trial court may also consider documents attached to the petitioner's pleadings, documents the authenticity of which are not disputed by the parties, and documents sufficiently referred to in the petition. Bean v. Dana S. Beane & Co., 160 N.H. 708, 711 (2010). We then engage in a threshold inquiry, testing the facts alleged in the pleading against the applicable law, and, if the allegations do not constitute a basis for legal relief, we will uphold the granting of the motion to dismiss. Kassotis, 166 N.H. at 650.

To the extent that the owner asserts the existence of an oral agreement in March 2011 between him and the bank's predecessor's counsel, we note that the trial court denied the owner's motion for reconsideration "for the reasons set forth in the [bank's] objection." Those included that an oral agreement to modify the mortgage would be invalid under the terms of the mortgage, which provided that it could be "modified or amended only by an agreement in writing signed by Borrower and Lender," and that the owner had not pleaded facts showing a waiver of this provision. Cf. Prime Financial Group v. Masters, 141 N.H. 33, 37 (1996) (stating, when party claims oral amendment to written contract that prohibits oral amendment, finder of fact must first determine parties intended to waive contract's in-writing clause). We note that the owner does not argue on appeal that such an oral agreement to modify the mortgage would be enforceable.

As the appealing party, the owner has the burden of demonstrating reversible error. Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's well-reasoned order, the owner's challenges to it, the relevant law, and the record submitted on appeal, we conclude that the owner has not demonstrated reversible error. See id.

Affirmed.

Dalianis, C.J., and Hicks, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,<br>Clerk**