# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2018-0206, <u>Sanford A. Woodmansee v. Andrea V. Lasker, Esquire</u>, the court on November 30, 2018, issued the following order:**

Having considered the brief, memoranda of law, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, Sanford A. Woodmansee, appeals the order of the Superior Court (<u>Delker</u>, J.) dismissing his complaint against the defendant, Andrea V. Lasker, Esquire, for fraud, fraudulent recording of a foreclosure deed, and violation of the consumer protection act. The trial court ruled that the complaint failed to state a claim upon which relief may be granted.

When reviewing a trial court's dismissal of a complaint for failure to state a claim, we assume the truth of the plaintiff's well-pleaded factual allegations and construe all reasonable inferences from them in the light most favorable to him. <u>Snierson v. Scruton</u>, 145 N.H. 73, 76 (2000). Dismissal is appropriate if the facts pleaded do not constitute a basis for legal relief. <u>Beane v. Dana S. Beane & Co.</u>, 162 N.H. 708, 711 (2010). The trial court may also consider documents attached to the plaintiff's pleadings, documents the authenticity of which are not disputed by the parties, official public records, or documents sufficiently referred to in the complaint. <u>Id</u>. The trial court need not accept allegations in the complaint that are merely conclusions of law. <u>Konefal v. Hollis/Brookline Coop. School Dist.</u>, 143 N.H. 256, 258 (1998).

"To establish fraud, a plaintiff must prove that the defendant made a representation with knowledge of its falsity or with conscious indifference to its truth with the intention to cause another to rely upon it." <u>Snierson</u>, 145 N.H. at 77. "In addition, a plaintiff must demonstrate justifiable reliance." <u>Id</u>. In his complaint, the plaintiff alleges that, at a structuring conference in a foreclosure action, the defendant, as an attorney for the foreclosing party, misrepresented material facts to the court, including her statement that the plaintiff's appeal of the trial court's injunction order, which had required the plaintiff to make monthly escrow payments, had been "denied" by this court as an improper interlocutory appeal. The plaintiff alleges that the defendant either knew or demonstrated conscious indifference to the fact that his appeal had been <u>dismissed</u>, not <u>denied</u>, as an improper interlocutory appeal; that the dismissal was without prejudice to raising the issues in a subsequent appeal; and that it was subject to a motion for reconsideration.

The plaintiff further alleges that the trial court reasonably relied upon the defendant's misstatement to lift its order enjoining the foreclosure and that, as a result, his home was wrongfully foreclosed upon. For purposes of this order, we assume, without deciding, that the plaintiff's claims are not subject to the litigation privilege or barred by the doctrine of res judicata or the applicable statutes of limitations.

A transcript of the structuring conference shows that, prior to the conference, the trial court received and reviewed this court's order dismissing the appeal, and that it understood, before lifting the injunction, that the order was subject to a motion for reconsideration. As the trial court stated in its order issued after the conference, it lifted the injunction not only because the plaintiff's interlocutory appeal was improper, but also because the plaintiff failed to comply with the conditions of the injunction order or to seek a stay of the order. Thus, in dismissing the plaintiff's complaint in this case, the trial court ruled that the defendant's alleged misrepresentation was immaterial. Even if the alleged misrepresentation was material, the record shows that the trial court did not rely upon it to lift the injunction. Thus, we conclude that the plaintiff's allegations are not reasonably susceptible of a construction that would permit recovery for fraud. See Snierson, 145 N.H. at 78. The plaintiff's count for fraudulent recording, which is based upon the same allegations, fails for the same reason.

The plaintiff's final claim asserts that the defendant's above-described conduct violated the consumer protection act. The consumer protection act "proscribes unfair or deceptive trade practices." Fat Bullies Farm, LLC v. Devenport, 170 N.H. 17, 24 (2017); see RSA 358-A:2 (2009). "[T]he objectionable conduct must attain a level of rascality that would raise an eyebrow of someone inured to the rough and tumble of the world of commerce." Id. (quotation omitted). We conclude that the above-described allegations in the plaintiff's complaint regarding the defendant's conduct fail to state a claim for violation of the consumer protection act under this standard. See id.

The defendant's request for attorney's fees and costs is denied.

Affirmed.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,
Clerk**

2