# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

## In Case No. 2019-0359, Curtis Leach v. Credit One Bank, N.A., the court on January 31, 2020, issued the following order:

Having considered the brief, memorandum of law, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. See Sup. Ct. R. 18(1). We affirm.

The plaintiff, Curtis Leach, appeals the decision of the Circuit Court (Ryan, J.) dismissing his small claim complaint against the defendant, Credit One Bank, N.A. The plaintiff argues that the trial court erred in concluding that his complaint, as amended, fails to state a claim upon which relief may be granted.

The record shows that on December 27, 2018, the plaintiff filed a small claim complaint against the defendant alleging that the defendant "violated RSA 358-A and RSA 358-C on multiple occasions." Although the complaint form instructed the plaintiff to "clearly state . . . how, when and where the claim arose," the plaintiff provided no other information regarding the nature of his claim. He sought damages of $10,000, the jurisdictional maximum for small claims. See RSA 503:1, I (Supp. 2019).

On April 25, 2019, the defendant moved to dismiss, arguing that the plaintiff failed to state any facts to show that it allegedly violated New Hampshire law. See RSA 503:3 (2010) (providing that the plaintiff "shall set forth a statement of the claim, including . . . the basis of the claim"). The defendant also alleged that the claims were barred by the applicable statute of limitations, asserting that the defendant had no contact with the plaintiff after charging off the $709.48 unpaid balance in his credit account on April 21, 2013, more than three years before suit was filed. See RSA 508:4, I (2010) (three year statute of limitations for personal actions).

On May 7, 2019, before the trial court ruled on the motion to dismiss, the plaintiff filed a motion to amend his complaint, together with an amended complaint, in an effort to address the deficiencies identified by the defendant. On May 14, 2019, the trial court granted the plaintiff's motion to amend and the defendant's motion to dismiss. On June 6, 2019, the court denied the plaintiff's motion to reconsider.

On appeal, the plaintiff argues that the trial court erred in "dismiss[ing] his complaint while also granting his amended complaint," arguing that "[a]n

amended complaint supercedes the original complaint," and that "the new and amended writ pleads proper causes of action."

At the outset, we construe the trial court's dismissal order as a dismissal of the amended complaint. See In the Matter of Salesky & Salesky, 157 N.H. 698, 702 (2008) (interpretation of trial court orders presents a question of law for this court). "In reviewing a trial court's grant of a motion to dismiss, we consider whether the allegations in the plaintiff's pleadings are reasonably susceptible of a construction that would permit recovery." Clark v. N.H. Dep't of Emp't Sec., 171 N.H. 639, 645 (2019). We assume the allegations in the plaintiff's pleadings to be true and construe all reasonable inferences in the light most favorable to the plaintiff. Id. "We will not, however, assume the truth or accuracy of any allegations which are not well-pleaded, including the statement of conclusions of fact and principles of law." Snierson v. Scruton, 145 N.H. 73, 76 (2000) (quotation omitted). "We will uphold the trial court's grant of a motion to dismiss if the facts pleaded do not constitute a basis for legal relief." Clark, 171 N.H. at 645.

Upon review of the plaintiff's amended complaint, we conclude that it fails to state a basis for legal relief. The plaintiff alleges that "[w]hile the account was sold and transferred to another debt collect[or], the Defendant contacted the Plaintiff in order to collect the debt." Although the plaintiff provides no specifics, he claims that this conduct violated RSA chapter 358-C, the Unfair, Deceptive or Unreasonable Collection Practices Act (UDUCPA). However, the UDUCPA prohibits debt collectors from "collect[ing] or attempt[ing] to collect a debt in an unfair, deceptive or unreasonable manner." RSA 358-C:2 (2009). The plaintiff does not allege facts establishing how the defendant attempted to collect the debt in an unfair, deceptive, or unreasonable manner. He does not allege, for example, that the defendant misrepresented the status of the debt, or that the defendant represented that the sale of the account would subject him to harsh collection attempts. See RSA 358-C:3, XII (2009) (prohibiting debt collectors from representing that the sale of an account will subject the debtor to "harsh, vindictive or abusive collection attempts"). We conclude that the plaintiff's allegations do not constitute a violation of the UDUCPA. See Clark, 171 N.H. at 645.

The plaintiff's remaining allegations assert numerous violations of the UDUCPA and RSA chapter 358-A, as well as claims of fraud and misrepresentation, without providing any description of the conduct that allegedly supports such claims. Instead, the complaint describes the conduct prohibited by the applicable laws and alleges that the defendant engaged in such conduct. The trial court was not required to assume the truth or accuracy of the plaintiff's conclusory statements of law and fact. See Snierson,

2

145 N.H. at 76.  Because the amended complaint fails to state a basis for legal relief, we affirm the trial court's dismissal order.  See Clark, 171 N.H. at 645.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**