Rockingham
No. 7909

ANTHONY SHURIS

v.

MARLENE MORGAN & a.

March 24, 1978

*Boynton, Waldron, Dill & Aeschliman,* of Portsmouth (*Wyman P. Boynton* orally), for the plaintiff.

*William E. Brennan,* of Manchester, by brief for the defendants J. Ronald and Donna F. Crump.

*Griffin, Harrington, Brigham & Ritzo,* of Portsmouth (*Charles A. Griffin* orally), for the defendant Marlene Morgan.

*John C. Driscoll,* of Portsmouth, filed no brief.

PER CURIAM. The issue is whether plaintiff's bill in equity, by which he seeks to establish his right to the proceeds from the sale of real estate which he claimed to own, was properly dismissed because of the six-year statute of limitations. RSA 508:4 (Supp. 1975).

Anthony Shuris, Marlene Morgan, and Peter A. Gianopoulos are grandchildren of Virginia Psalto, who died on February 14, 1966, in Massachusetts, where she resided. She owned real estate in Roxbury, Massachusetts, and in Portsmouth, New Hampshire. She left a will dated November 14, 1965. In clause I she devised the Portsmouth property to Marlene Morgan, and in clause II she devised the Roxbury property to plaintiff and Peter Gianopoulos. Clause IV of the will provides that in the event there is not enough money available to pay her debts, without selling or mortgaging the real property, then the three grandchildren are to share equally in paying the expenses. In the event any one of the grandchildren does not or will not share in paying said expenses, then he or she is to receive nothing, and the share he or she was to receive under clauses I and II is to be divided among those remaining.

The will was filed in Suffolk County Massachusetts Probate Court in 1966. It was not until January 18, 1971, however, that the will was allowed, and plaintiff was appointed executor. Plaintiff in his brief asserts that the delay was due to a will contest. He alleges that there were insufficient funds to pay the debts of the deceased, that he notified the other two grandchildren on September 14, 1966, that they failed to pay their share although requested on numerous occasions to do so, and that he paid the bills.

Plaintiff also alleges that administration was begun in Rockingham County New Hampshire Probate Court by a creditor, and that Marlene Morgan was subsequently appointed administratrix;

that on July 22, 1971, a petition to file copies of the will and Massachusetts probate was filed in the Rockingham County Probate Court; that a final account was allowed on August 2, 1971, that an authenticated copy of the will and Massachusetts probate was filed in Rockingham County after the petition was allowed on September 14, 1971; and that an appearance was entered on his behalf in his capacity as executor by appointment of the Massachusetts Court on September 27, 1971.

Plaintiff further alleges that by deed dated September 19, 1973, Marlene Morgan conveyed with warranty covenants the Portsmouth property to Thomas E. and Margaret Call as joint tenants, describing the property as having been acquired by her under the will of Virginia Psalto. He further alleges that Marlene Morgan in fact owned no interest in the property and that he was the sole equitable owner.

Plaintiff asserts that the property was conveyed by the Calls to the defendants, Mr. and Mrs. Crump in 1974, and that they in turn conveyed the property to people named Hoyer. The latter conveyance was made on condition that $7,000 of the proceeds be paid in escrow to the Rockingham County Superior Court Clerk as security for damages suffered by plaintiff. Plaintiff then prays that the $7,000 held in escrow be paid to him as partial payment for his interest in the Portsmouth real estate which had belonged to Virginia Psalto and that he be given judgment against Marlene Morgan for the difference between the $7,000 and the net proceeds from the sale of the property on September 19, 1973, with interest. He also prays that the Crumps be given judgment against the Calls and the Calls against Marlene Morgan for breach of warranty. Peter Gianopoulos defaulted.

Marlene Morgan moved to dismiss on the ground that any right of action plaintiff might have brought accrued in September 1966 when, after receiving notice, she and Gianopoulos failed to pay. She claims that the action was not brought within six years and was barred under RSA 508:4 (Supp. 1975). This motion was granted by *Mullavey, J.,* who transferred plaintiff's exception.

Defendant Morgan's argument that plaintiff's cause of action accrued in 1966 when she failed to pay her share of the debts of the deceased appears to be the basis upon which the trial court granted her motion to dismiss. We are of the opinion, however, that plaintiff's claim has been misunderstood. He is not seeking reimbursement for the money which he claims to have paid on

the debts, but is asserting his ownership of the Portsmouth property to the exclusion of Morgan and Gianopoulos. Upon their failure to share in the payments of the debts, plaintiff claims that he became the sole owner under clause IV of the will. An action to enforce his right to ownership would clearly not be barred for a period of twenty years under RSA 508:2. His right of recovery is only lost by its nonexercise for the prescribed period, under a policy, not to reward wrongful possession, but to enroot and stabilize long-continued possession. *Hoban v. Bucklin*, 88 N.H. 73, 86, 186 A. 8, 10 (1936). This period had not expired when Morgan sold the property in 1973, or when plaintiff began the present action on June 23, 1976.

■ It is true, as defendant argues, that plaintiff seeks money and not the property, but his claim for the money as a substitute for the property rests on his claim of ownership of the property itself. The $7,000 held in escrow was placed there because of his claim to the real property. We need not decide, however, whether the six-year limitation of RSA 508:4 (Supp. 1975) or the twenty-year limitation of RSA 508:2 applies to the present action, for we hold that plaintiff's action is timely under either one. Clearly his right to assert ownership of the property had not been barred in 1973 when Morgan sold the property, which he claims violated his right of ownership. If this is to be construed to be a personal action under RSA 508:4 (Supp. 1975), then the cause of action arose in 1973 when the property was sold and is well within the six-year limit.

We, of course, express no opinion on the merits of the plaintiff's case or of any defenses raised. We rule only that the motion to dismiss on the basis of the statute of limitations should not have been granted.

*Exception sustained; remanded.*

LAMPRON, J., did not sit.