Carroll
No. 2011-323

KILNWOOD ON KANASATKA CONDOMINIUM UNIT ASSOCIATION, INC.

v.

PERRY SMITH & a.

Argued: May 3, 2012
Opinion Issued: June 29, 2012

*Patrick Wood Law Office, PLLC*, of Laconia (*Patrick H. Wood* on the brief and orally), for the petitioner.

*McLane, Graf, Raulerson & Middleton, P.A.*, of Manchester (*Steven J. Dutton* and *Scott H. Harris* on the brief, and *Mr. Dutton* orally), for the respondents.

LYNN, J. The petitioner, Kilnwood on Kanasatka Condominium Unit Association, Inc. (Association), appeals the decision of the Superior Court (*Houran*, J.) dismissing its petition to change the ownership form of twenty-nine units in a residential subdivision from condominiums to single-family fee simple lots. We affirm.

I

The record reflects the following facts. The Association was created by The Thomson Company, Inc. (Developer), under a document titled "Declaration of Condominium" (Declaration), in accordance with The Unit Ownership of Real Property Act, RSA ch. 479-A (2001 & Supp. 2011). In 2010, the Association members considered reforming the Declaration to convert it from a condominium association to single-family homes, but they could not reach the unanimous vote required by the Declaration to do so. Unable to reach an accommodation with the minority members, Perry Smith, Andy and Jill Belliveau, and Rob and Candy Baker, the Association petitioned the superior court to reform the Declaration. The minority members, who are the respondents in this case, cross-petitioned the court to declare that Kilnwood remain a condominium association, and moved to dismiss. The trial court granted the motion to dismiss on the ground that the record did not support reformation based upon mutual mistake. The Association appeals.

II

The Association argues that the Declaration should be reformed because it was not intended to create a condominium, but rather a subdivision of single-family residential lots.

In reviewing the trial court's grant of a motion to dismiss, our standard of review is whether the allegations in the petitioner's pleadings are reasonably susceptible of a construction that would permit recovery. *In the Matter of Lemieux & Lemieux*, 157 N.H. 370, 372 (2008). We assume the petitioner's pleadings to be true and construe all reasonable inferences in the light most favorable to it. *Id.* at 372-73. We then engage in a threshold inquiry that tests the facts in the petition against the applicable law, and if the allegations constitute a basis for legal relief, we must hold that it was improper to grant the motion to dismiss. *Id.* at 373.

The petitioner's burden of proof in a reformation action is a heavy one. *Sommers v. Sommers*, 143 N.H. 686, 690 (1999). Reformation may be proper when an instrument fails to express the intention the parties to its making had on the grounds of either fraud or a mutual mistake of fact. *A.J. Cameron Sod Farms v. Continental Ins. Co.*, 142 N.H. 275, 282-83 (1997).

"Courts are not in the business of rewriting contracts to bail out parties who have failed to prudently construct their business transactions." 28 WILLISTON ON CONTRACTS § 70:209, at 232 (4th ed. 2003). Courts may grant reformation only when the evidence is clear and convincing that the written instrument does not express the true agreement of the parties. *Grabowski v. Grabowski*, 120 N.H. 745, 747 (1980).

Even in the light most favorable to the Association, the record does not support its contention that the development was not intended to be created as a condominium association. As the trial court observed, the enabling document is titled "Declaration of Condominium" and explicitly states that it is a document governed by RSA ch. 479-A, the predecessor statute to the current Condominium Act, RSA ch. 356-B (2009 & Supp. 2011). *See* Laws 1977, 468:1. Moreover, the Association adopted a condominium plan and condominium bylaws. The Association has alleged no facts in its petition that would support a finding by clear and convincing evidence that the Developer was mistaken in creating, and the members mistaken in purchasing, condominium units.

The fact that a large majority of the Association's members no longer find it desirable to own their property as condominiums does not alter the underlying contractual requirement, contained in the Declaration, that any amendment to "matters . . . adjudicating the ownership interest in common areas" must be approved by unanimous vote. The failure of one local realtor to list the homes for sale in Kilnwood as condominiums is irrelevant to the inquiry into the intent of the Developer when it created Kilnwood as a condominium association or when Association members purchased condominium units within Kilnwood. *Cf. Gauthier v. Robinson*, 122 N.H. 365, 368 (1982) (Reciprocal servitudes created by developer are "binding upon purchasers . . . who had notice of the restrictions when they acquired the land."). The same is true for the specific manner in which the town assesses a tax upon the lots.

The petitioner also contends that "enforcing the current legal structure will impose a hardship" on the Association's members. We consider this argument to be insufficiently developed for appellate review. *See Sabinson v. Trustees of Dartmouth College*, 160 N.H. 452, 459 (2010).

*Affirmed.*

DALIANIS, C.J., and HICKS and CONBOY, JJ., concurred.