194

Sullivan
No. 2012-596

ROBIN PLAISTED

v.

JEFFREY A. LABRIE

Submitted: March 14, 2013
Opinion Issued: July 16, 2013

*Myers Associates, PLLC*, of Lebanon (*Howard B. Myers* on the brief), for the plaintiff.

*Law Offices of Simpson & Mulligan, PLLC*, of Lebanon (*James L. Mulligan* on the memorandum of law), for the defendant.

BASSETT, J. The plaintiff, Robin Plaisted, appeals an order of the Superior Court (*Tucker*, J.) granting the motion of the defendant, Jeffrey A. LaBrie, to dismiss as time-barred her petition seeking proceeds from the sale of property that she claims to have once owned. We affirm.

The plaintiff alleges the following facts, which we accept as true for purposes of this appeal. *Elter-Nodvin v. Nodvin*, 163 N.H. 678, 679 (2012). In May 2002, the plaintiff and the defendant entered into a purchase and sale agreement with Ocwen Federal Bank FSB to purchase property located at 10 Nelson Street in Woodsville. The parties initialed each page of the agreement and signed as buyers; however, the defendant signed only on behalf of Blue Star Consulting (Blue Star) — a New Hampshire corporation of which he was the sole shareholder, officer, and director. On July 19, a quitclaim deed listing Blue Star as sole grantee was recorded with the Grafton County Registry of Deeds.

On July 31, the plaintiff wrote, and the defendant cashed, a check made out to "Jeff LaBrie" in the amount of $19,500. The check noted that it was "[f]rom R. Plaisted for full payment for 50% of 10 Nelson [Street] Property." On August 15, the defendant, as president of Blue Star, signed a "Declaration of Ownership" stating that Blue Star granted to the plaintiff a fifty percent interest in the property. Two years later, on October 15, 2004, Blue Star sold the property for a profit of $98,855.97 and wired the proceeds to a bank account "[f]or the benefit of Blue Star Consulting (Jeff LaBrie)."

In October 2011, the plaintiff petitioned the trial court, seeking a declaration that she had been a one-half owner of the property, as well as an order requiring the defendant to pay her one-half of the sale proceeds. The defendant moved to dismiss, contending that the plaintiff had "failed to allege either facts or law upon which the Court could conclude . . . that she had, or now has, any claim to title of the subject property," and, thus, her claim was "personal in nature." He maintained that, since her claim was personal in nature, it was time-barred under the three-year statute of limitations. See RSA 508:4 (2010). The plaintiff objected, arguing that, pursuant to *Shuris v. Morgan*, 118 N.H. 154 (1978), her claim for the proceeds from the sale of the property was based upon her ownership interest in the property, and, thus, the twenty-year statute of limitations for the recovery of real estate applied. See RSA 508:2 (2010). The trial court granted the defendant's motion, and this appeal followed.

In reviewing the trial court's grant of a motion to dismiss, our standard of review is whether the allegations in the plaintiff's pleadings are reasonably susceptible of a construction that would permit recovery. *Kilnwood on Kanasatka Condo. Unit Assoc. v. Smith*, 163 N.H. 751, 752 (2012). We assume that the plaintiff's pleadings are true and construe all reasonable inferences in the light most favorable to her. *Id.* We then engage in a threshold inquiry that tests the facts in the petition against the applicable law, and if the allegations constitute a basis for legal relief, we must hold that it was improper to grant the motion to dismiss. *Id.*

The plaintiff argues that her cause of action is an action for the recovery of real estate, and, thus, the trial court erred in applying the three-year statute of limitations under RSA 508:4 rather than the twenty-year statute of limitations under RSA 508:2. We disagree.

RSA 508:2, I, provides, in relevant part, that "[n]o action for the recovery of real estate shall be brought after 20 years from the time the right to recover first accrued." RSA 508:4, I, provides, in pertinent part, that "all personal actions, except actions for slander or libel, may be brought only within 3 years of the act or omission complained of."

■ To determine the nature of a cause of action for statute of limitations purposes, we look not to "the form of the action but rather its substance." *Wood v. Greaves*, 152 N.H. 228, 231 (2005) (quotation, brackets, and ellipsis omitted). In this case, the plaintiff does not seek the recovery of real property. Rather, she seeks her share of the proceeds from the sale of the property. She acknowledges that she is "attempting to recover damages based on a breach of contract and fraud." Nevertheless, relying upon *Shuris*, she maintains that, because she seeks to establish that she once had an ownership interest in the property, and because her claim for the sale proceeds is based upon that interest, her claims are subject to the twenty-year statute of limitations in RSA 508:2. In support of her argument, she cites the following language from *Shuris*: "It is true, as defendant argues, that plaintiff seeks money and not the property, but his claim for the money as a substitute for the property rests on his claim of ownership of the property itself." *Shuris*, 118 N.H. at 157. Based upon this language, the plaintiff argues that we held that a claim for sale proceeds derived from an ownership interest is subject to the twenty-year statute of limitations provided in RSA 508:2.

However, *Shuris* does not stand for the proposition that a claim for proceeds from the sale of real property, if based upon a claim of ownership of the property itself, is subject to the twenty-year statute of limitations in RSA 508:2. Although in *Shuris*, as in this case, the plaintiff sought to establish his right to proceeds from the sale of real estate he claimed to own, *id.* at 155, because we found that the plaintiff's cause of action was timely whether it arose under RSA 508:2 *or* RSA 508:4, we did not have occasion to decide which statute of limitations applied to the plaintiff's claim. *Id.* at 157. *Shuris*, therefore, is inapposite.

■ Here, construing all reasonable inferences in the plaintiff's favor, we agree with the trial court that the plaintiff's action was personal in nature and, therefore, subject to the three-year statute of limitations in RSA 508:4. The plaintiff's petition alleges conduct by which the defendant, through Blue Star, "promote[d] an injustice and fraud upon" her. She alleges that the defendant obtained one-half of the purchase price from her and represented that he would grant her a one-half interest in the property, but, in fact, did not do so. In substance, the plaintiff claims that, were it not for the defendant's breach of contract or fraud, she would have had a one-half ownership interest in the property and been entitled to one-half of the sale proceeds. *See Wood*, 152 N.H. at 231 (nature of cause of action for statute of limitations purposes is determined by substance of action rather than form). Under her own theory of recovery, therefore, she would not be entitled to obtain her share of the sale proceeds without first establishing

that she had an ownership interest in the property and this she could do only by proving that the defendant had breached their contract or committed fraud.

■ Because the plaintiff's action is predicated upon establishing the defendant's breach of contract or fraud, she was required to bring it within three years of the time the breach or fraud was discovered "or in the exercise of reasonable diligence should have [been] discovered." RSA 508:4, I; *see Sutton v. Sutton*, 118 P.3d 700, 703 (Kan. Ct. App. 2005) (concluding that to maintain action to recover property, plaintiff first was required to nullify fraudulent conveyance, and, thus, her action should have been brought under the time period for fraudulent conveyances and not recovery of real property); *Herthel v. Barth*, 81 P.2d 19, 20, 21 (Kan. 1938) (finding plaintiff's action "to obtain a decree to impress land with a constructive trust in favor of the plaintiff" depended entirely upon establishing defendant's fraud and, therefore, the "gist of the action was — relief on the ground of fraud" that was barred by the two-year fraud statute of limitations (quotation omitted)); *Potter v. Cottrill*, 2012 WL 1964921, at *3-4 (Ohio Ct. App. 2012) (finding that before plaintiff could obtain recovery of title to real property he would have to prove that defendant breached her fiduciary duty and, thus, actual nature of plaintiff's claims was breach of fiduciary duty subject to breach of fiduciary duty statute of limitations). Here, the plaintiff's petition alleges that those fraudulent or wrongful acts occurred no later than October 15, 2004, the date on which Blue Star sold the property and failed to share the proceeds with her. This action was commenced in October 2011, seven years after the sale, and, as the trial court observed, the plaintiff has not raised the applicability of the discovery rule exception. *See Perez v. Pike Inds.*, 153 N.H. 158, 160 (2005) (explaining that, once the defendant establishes that the cause of action was not brought within three years of the alleged act, the burden shifts to the plaintiff to raise and prove the applicability of the discovery rule exception). Accordingly, we conclude that the trial court did not err in applying the three-year statute of limitations for personal actions under RSA 508:4, and we affirm its dismissal of the plaintiff's claims.

*Affirmed.*

DALIANIS, C.J., and HICKS, CONBOY and LYNN, JJ., concurred.