**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2015-0092, <u>Agha S. Ahmad v. Federal National Mortgage Association</u>, the court on August 10, 2015, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The petitioner, Agha S. Ahmad, appeals an order of the Superior Court (<u>Smukler</u>, J.) dismissing his petition for declaratory judgment against the respondent, Federal National Mortgage Association (FNMA), for failure to state a claim. We construe his brief to argue that the trial court erred by: (1) failing to accept his allegation that "[t]he mortgage obligation that FNMA seeks to enforce is secured by both the Mortgage and Loan Modification, and both documents must be properly acknowledge[d], recorded and assigned, to be enforceable together"; (2) "overlook[ing his] argument" that the modification agreement was not assigned to FNMA; (3) failing to require FNMA to "prove that it is the proper 'holder'" of the loan modification agreement pursuant to RSA 382-A:3-104(a) (2011); (4) failing to address his challenge to "both the veracity and accuracy of the acknowledgement" to the loan modification agreement; (5) failing to find that he did not sign the loan modification agreement; (6) "granting the Motion to Dismiss based upon assumed facts contrary to Petitioner's well-pleaded allegations and clearly contested by Petitioner"; (7) treating incorrectly, in its 2013 order, allegations made in his 2012 petition against a different defendant; (8) failing to place "the burden of proving [its] ownership of the note and mortgage" onto FNMA and to determine whether FNMA held the original note and mortgage; (9) accepting that the construction note endorsed in blank became payable to bearer; and (10) allowing FNMA additional time to respond to his pleading that the trial court deemed to be a motion to amend the structuring conference order.

At the outset, we note that on June 16, 2014, we vacated the trial court's July 29, 2013 order dismissing the petitioner's action against Chase Home Finance, LLC (Chase) and remanded for further proceedings. The petitioner then amended his petition, substituting a petition for declaratory judgment against FNMA for his pleading against Chase. The trial court dismissed the amended petition on January 12, 2015, for failure to state a claim. The only matter properly before us is the trial court's 2015 dismissal, and we decline to consider issues arising out of the 2013 order.

In reviewing the trial court's grant of a motion to dismiss for failure to state a claim, our standard of review is whether the allegations in the petitioner's pleadings are reasonably susceptible of a construction that would permit recovery. Plaisted v. LaBrie, 165 N.H. 194, 195 (2013). We assume that the petitioner's allegations of fact are true and construe all reasonable inferences in the light most favorable to him. Id. We will not, however, assume the truth or accuracy of any allegations which are not well-pleaded, including statements of conclusions of fact and principles of law. Snierson v. Scruton, 145 N.H. 73, 76 (2000). The trial court may also consider documents attached to the petitioner's pleadings, documents the authenticity of which are not disputed by the parties, and documents sufficiently referred to in the petition. Bean v. Dana S. Beane & Co., 160 N.H. 708, 711 (2010). We then engage in a threshold inquiry that tests the facts in the petition against the applicable law, and if the allegations do not constitute a basis for legal relief, we must hold that granting the motion to dismiss was proper. Plaisted, 165 N.H. at 195.

We first address the petitioner's claims regarding the loan modification agreement. The petition merely asserts that the loan modification agreement is "an amended Mortgage and Note," "attempts to create both a Note and Mortgage in one instrument," and "was intended to be both an obligation to pay, a Note, and the security interest, the Mortgage." Counts I, II, and IV of the petition rest upon these assertions. The petition contains no well-pleaded facts, however, to support these assertions. Accordingly, we conclude that the trial court was not required to accept these assertions and properly dismissed counts I, II, and IV. See Baxter Int'l v. State, 140 N.H. 214, 218-19 (1995) (upholding dismissal of claim that commissioner incorrectly computed plaintiffs' tax liability because petitions lacked specific facts to support allegation).

In count III, the petitioner asserts that "Fannie Mae informed [the petitioner] in multiple letters that Fannie Mae did not and had never held any notes relative to" the petitioner's property. He concludes with the hypothetical statement that "[i]f the original Note does not exist, there is no debt to be collected upon." In his brief, however, the petitioner does not rely upon the alleged letters from FNMA to argue that there is no note for FNMA to foreclose upon, but instead argues that the blank endorsement of the note did not make FNMA the holder. We conclude that this argument has not been preserved for our review. See Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004) (stating we will not view matters not presented to trial court). Nor does it have merit. See RSA 382-A:3-109(a)(2) (2011).

The petitioner does not appeal the dismissal of count V in his petition for declaratory judgment. We conclude that his remaining arguments were not raised to the trial court, see id., are not sufficiently developed, see State v.

Blackmer, 149 N.H. 47, 49 (2003), or otherwise do not warrant further discussion, see Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Affirmed.

Dalianis, C.J., and Hicks, Conboy, and Lynn, JJ., concurred.

**Eileen Fox,
Clerk**