**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2014-0714, <u>Jillian Lennartz v. Oak Point Associates, P.A. & a.</u>, the court on September 18, 2015, issued the following order:**

Having considered the brief, the memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, Jillian Lennartz, appeals an order of the Superior Court (<u>Tucker</u>, J.) granting a motion to dismiss in favor of the defendant, the New Hampshire Department of Safety, on the ground that her action is barred by the statute of repose, RSA 508:4-b (2010). She contends that RSA 508:4-b, as applied to her, deprived her of procedural due process because her failure to timely file suit was "due to the undisputed failure of a State of New Hampshire entity to provide to her public record information required by law."

In reviewing the trial court's grant of a motion to dismiss for failure to state a claim, our standard of review is whether the allegations in the petitioner's pleadings are reasonably susceptible of a construction that would permit recovery. <u>Plaisted v. LaBrie</u>, 165 N.H. 194, 195 (2013). We assume that the petitioner's well-pleaded allegations of fact are true and construe all reasonable inferences in the light most favorable to it. <u>Id</u>. We then engage in a threshold inquiry that tests the facts in the petition against the applicable law, and if the allegations do not constitute a basis for legal relief, we must hold that granting the motion to dismiss was proper. <u>Id</u>.

Whether a statute is constitutional is a question of law, which we review <u>de novo</u>. <u>Prof. Fire Fighters of N.H. v. State of N.H.</u>, 167 N.H. 188, 192 (2014). We presume a legislative act to be constitutional and will not declare it invalid except upon inescapable grounds. <u>Id</u>. The plaintiff brings her claim solely under the New Hampshire Constitution.

Although the plaintiff claims that she "was deprived of procedural due process," she does not brief the factors that we address to determine what process is due. <u>See</u> <u>Doe v. State of N.H.</u>, 167 N.H. 382, 414 (2015) (describing our procedural due process test). Therefore, we also do not address them. <u>See</u> <u>State v. Blackmer</u>, 149 N.H. 47, 49 (2003) (stating we confine our review to only those issues that have been fully briefed). Instead, the plaintiff argues that the application of the statute of repose to bar a claimant's cause of action against the State when it was the State which caused the failure to file suit prior to

expiration of the statute of repose by its failure to abide by its statutory obligation to disclose public records is an instance when as applied the statute is fundamentally unfair.

A fundamentally unfair adjudicatory procedure is one that gives a party a significant advantage or places a party in a position of prejudice or allows a party to reap the benefit of his own behavior in placing his opponent at an unmerited and misleading disadvantage. State v. Symonds, 131 N.H. 532, 534 (1989). Here, the record establishes that it was the plaintiff's failure to prosecute her claim diligently that resulted in her failure to timely file her action. Cf. Perez v. Pike Inds., 153 N.H. 158, 160 (2005) (stating discovery rule tolls statute of limitations only if plaintiff could not reasonably have discovered either alleged injury or its causal connection to alleged negligent act). Accordingly, we conclude that the application of the statute under these circumstances is not fundamentally unfair.

The plaintiff has stated that on November 25, 2009, the date of her injury, she "knew she was hurt and within a short time knew that a condition of the [University of New Hampshire (UNH)] lab was to blame." She represents that she did not make any request for information from UNH until June 3, 2011, more than 18 months after she was injured. At that time, she did not specifically request information pursuant to RSA 91-A:4 (2013). Although she argues that UNH's eventual response to this request "did not reference the dates during which the laboratory renovation was performed or identify any of the contractors involved," we note that she requested only information "pertaining to the November 25, 2009 incident."

The plaintiff did not request information from UNH relating to the construction of the laboratory until October 18, 2011, almost two years after she was injured. At that time, she made her request pursuant to RSA 91-A:4. However, although UNH failed to respond as statutorily required, see RSA 91-A:4, IV, the plaintiff did not petition the superior court for injunctive relief, see RSA 91-A:7, until January 6, 2012. During this period, in November 2011, the statute of repose expired. We note that the plaintiff did not add the defendant to the suit until more than 14 months after she received UNH's response to her RSA 91-A request. Although the plaintiff argues that UNH's failure to provide her with public information, as required by law, "led directly to [her] failure . . . to file suit prior to [the] expiration of the statute of repose," we conclude that it was the plaintiff's lack of reasonable diligence in seeking the information and pursuing legal relief based upon the information she had that led to her failure to comply with RSA 508:4-b.

The plaintiff argues that "[a]s the property owner in this case was purportedly her employer, [she] did not have available to her an obvious means by which to sue the property owner to discover any information pertaining to the

2

history of the real property improvement which caused her injury." However, we note that she did eventually add UNH as a defendant. Furthermore, as she demonstrated, she could seek information pursuant to RSA 91-A:4 and, if that proved inadequate, she could have sought equitable discovery. See Gutbier v. Hannaford Bros. Co., 150 N.H. 540, 545 (2004) (stating equitable discovery not available when there is an adequate remedy at law).

The plaintiff argues that applying the statute of repose to bar her claim "is particularly unfair as the statute of repose provides no safe procedural harbor for those injured claimants actively seeking the information necessary to bring their claims." However, the plaintiff does not cite, nor are we aware of, any authority stating that procedural due process requires such a safe harbor. Cf. Lennartz v. Oak Point Associates, 167 N.H. ___, ___, 112 A.3d 1159, 1162 (2015) (stating RSA 508:4–b does not violate equal protection by barring accrued cause of action without application of the discovery rule). RSA 508:4-b, V(a) does provide that the statute does not apply to actions involving fraudulent concealment of material facts upon which a claim might be based. However, the plaintiff does not argue that UNH acted fraudulently.

The plaintiff argues that, because the date on which the statute of repose expires depends upon information that a plaintiff may not know, due process requires that "potential defendants not be permitted to use their own delay as a means of foreclosing an action against them or others." However, we conclude that, in light of the purpose of the statute of repose, a plaintiff is required to pursue information necessary to her cause of action in a reasonably expeditious fashion. Cf. Winnisquam Reg. Sch. Dist. v. Levine, 152 N.H. 537, 540 (2005) (stating purpose of statute of repose is to relieve potential defendants from infinite liability perpetuated by the discovery rule).

The plaintiff argues that "[t]he fundamental unfairness of permitting a potential defendant to avoid potential liability by its own refusal to provide information necessary to permit a suit is particularly apparent when the defendant" contravenes a statutory duty. However, when UNH initially failed to respond to her RSA 91-A:4 request, the plaintiff did not promptly avail herself of the statutory procedure to compel a response.

The plaintiff relies upon Appeal of Eno, 126 N.H. 650 (1985), and Appeal of Plantier, 126 N.H. 500 (1985), which she characterizes as cases in which the plaintiff's constitutional "right was lost not due to the misconduct of the person protected by the constitution but by the misconduct of another." She argues that allowing the State "to profit from the disadvantage caused [her] by [its] failure . . . to abide by the law" is fundamentally unfair. However, we conclude that in this case the plaintiff's right to bring an action against the defendant was lost, not as a result of UNH's failure to respond to the plaintiff's requests for information, but

as a result of the plaintiff's failure to prosecute her case in a reasonably timely manner.

The plaintiff argues that RSA 508:4-b does not provide a "reasonable process by which injured claimants can discern by when they must act to protect a constitutional right to recover." However, we cannot conclude, based upon the facts of this case, that the plaintiff lacked a reasonable process by which to learn when the statute of repose would terminate her cause of action. Accordingly, we conclude that applying the statute of repose under these circumstances is not fundamentally unfair.

Affirmed.

Dalianis, C.J., and Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,<br>Clerk**