# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2015-0252, <u>Lancelot Court Condominium Association v. Judith Tompson</u>, the court on April 29, 2016, issued the following order:**

Having considered the brief filed by the defendant, Judith Tompson, the memorandum of law filed by the plaintiff, Lancelot Court Condominium Association (the Association), and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The defendant appeals orders by the Superior Court (<u>Anderson</u>, J.) that: (1) vacated a prior order, which had dismissed, for procedural reasons, the Association's action against the defendant for unpaid condominium assessments and associated expenses and fees; (2) denied the defendant's motion to dismiss on the merits; (3) granted summary judgment to the Association on liability; and (4) awarded the Association attorney's fees and costs. She also appeals aspects of the jury trial on damages. We affirm.

The defendant lists more than 35 questions in her notice of appeal, although she has not briefed all of them. In examining her appeal, we consider the following principles. First, we decline to review any issue that the defendant did not first raise in the trial court. <u>See</u> <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004). Generally, "parties may not have judicial review of matters not raised in the forum of trial." <u>Id</u>. It is the burden of the appealing party, here the defendant, to demonstrate that she raised her issues before the trial court. <u>Id</u>. Because our rules affirmatively require the moving party to demonstrate where each question presented on appeal was raised below, the failure of the moving party to do so "may be considered by the court regardless of whether the opposing party objects on those grounds." <u>Id</u>. To the extent that the defendant urges us to address her arguments under our plain error rule, we decline to do so. <u>See</u> <u>Sup. Ct. R.</u> 16-A.

Second, "in the realm of appellate review, a mere laundry list of complaints regarding adverse rulings by the trial court, without developed legal argument, is insufficient to warrant judicial review." <u>Douglas v. Douglas</u>, 143 N.H. 419, 429 (1999) (citation omitted); <u>see</u> <u>Keenan v. Fearon</u>, 130 N.H. 494, 499 (1988) ("off-hand invocations" of constitutional rights supported by neither argument nor authority warrant no extended consideration).

Third, we also will not review arguments that the defendant did not raise in her notice of appeal. <u>See</u> <u>State v. Blackmer</u>, 149 N.H. 47, 49 (2003).

Although we understand that the defendant is self-represented in this proceeding, we hold self-represented parties to the same procedural rules that govern parties represented by counsel. See In the Matter of Birmingham & Birmingham, 154 N.H. 51, 56 (2006).

I. Motion to Dismiss

The defendant originally attempted to file her motion to dismiss the Association's complaint on April 11, 2014. The court returned the motion to her because she had not yet filed an appearance. The defendant re-filed her motion on April 18. On May 13, the trial court granted the motion because the Association had never objected to it. But see Super. Ct. Civ. R. 13(b) ("Failure to object shall not, in and of itself, be grounds for granting the motion."); Hilario v. Reardon, 158 N.H. 56, 60-61 (2008) (holding that the trial court's granting of a motion to dismiss based solely on the plaintiff's failure to object, without examining the merits of the motion, constituted plain error). In its order, the court observed that the defendant had represented that she had "served" her motion on the Association. The court explained that if the Association had not, in fact, been served, the Association could seek relief from the dismissal. Thereafter, the Association moved to vacate the dismissal on the ground that it had not received the April 18 motion. The trial court granted the Association's motion to vacate the dismissal.

The trial court subsequently decided the defendant's motion to dismiss on the merits. The court explained that, although the defendant argued that the Association's complaint failed to state a claim, she did "not argue that [the Association's] allegations, if true, would not entitle [the Association] to relief." Instead, the trial court determined, the defendant "claim[ed] either that the allegations are untrue or that any failure to make payment was justified by the conduct of [the Association]." The trial court concluded that the defendant's arguments did not entitle her to dismissal, and, therefore, denied her motion.

In reviewing the trial court's grant of a motion to dismiss, our standard of review is whether the allegations in the Association's pleadings are reasonably susceptible of a construction that would permit recovery. See Kilnwood on Kanasatka Condo. Unit Assoc. v. Smith, 163 N.H. 751, 752 (2012). We assume that the Association's pleadings are true and construe all reasonable inferences in the light most favorable to it. Id. We then engage in a threshold inquiry that tests the facts in the petition against the applicable law, and if the allegations constitute a basis for legal relief, we must hold that it was improper to grant the motion to dismiss. Id.

As the appealing party, the defendant has the burden of demonstrating reversible error. Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's orders, the defendant's challenges to them, the

2

relevant law, and the record submitted on appeal, we conclude that the defendant has not demonstrated reversible error.  See id.

## II.  Summary Judgment

On September 10, the trial court granted summary judgment to the Association "as to liability only."  In its brief order, the court explained that the defendant "disputes the amount owed but has not submitted any evidence suggesting that she owes nothing."  The court scheduled a hearing for an assessment of damages.

The defendant argues that in so ruling, the trial court erred.  However, she has not included either the Association's summary judgment motion or her opposition thereto as a part of the record on appeal.  As the appealing party, the defendant has the burden of providing this court with a record sufficient to decide her issues on appeal.  Bean, 151 N.H. at 250; see Sup. Ct. R. 15(3) ("If the moving party intends to argue in the supreme court that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, he shall include in the record a transcript of all evidence relevant to such finding or conclusion.").  Lacking a sufficient record, we must assume that the evidence was sufficient to support the result reached by the trial court.  Bean, 151 N.H. at 250.  Our review in such a case is limited to legal errors that are apparent on the face of the record.  See Atwood v. Owens, 142 N.H. 396, 396-97 (1997).  Because the defendant has not persuaded us that the trial court erred as a matter of law by granting summary judgment to the Association on liability, we uphold that decision.

## III.  Jury Trial

The defendant appears to challenge the trial court's jury instructions and the admission of certain expert testimony.  However, by her own admission, she has not preserved these challenges for our review.  Accordingly, we decline to review them.

## IV.  Attorney's Fees and Costs

We review awards of attorney's fees and costs under our unsustainable exercise of discretion standard, giving deference to the trial court's decision.  See Appeal of Local Gov't Center, 165 N.H. 790, 813 (2014).  To be reversible on appeal, the discretion must have been exercised for reasons clearly untenable or to an extent clearly unreasonable to the prejudice of the objecting party.  Id.  Our task on appeal is not to determine whether we would have found differently; rather, we determine whether a reasonable person could have found as the trial judge did.  In re Adam M., 148 N.H. 83, 84 (2002).  Based upon our review of the relevant law and the record submitted on appeal, we

cannot say that the trial court unsustainably exercised its discretion by awarding the Association its attorney's fees and costs.

We have reviewed the defendant's remaining arguments and conclude that they do not warrant further discussion.  See Vogel v. Vogel, 137 N.H. 321, 322 (1993).  Any issue that the defendant raised in her notice of appeal, but did not brief, is deemed waived.  See In re Estate of King, 149 N.H. 226, 230 (2003).

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**