# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2016-0146, <u>Professional Fire Fighters of New Hampshire & a. v. State of New Hampshire & a.</u>, the court on October 13, 2016, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The petitioners, several individuals with interests in the New Hampshire Retirement System (NHRS), and intervenors, several labor organizations that represent members of NHRS, appeal an order of the Superior Court (<u>Abramson</u>, J.) granting judgment on the pleadings in favor of the respondents, the State of New Hampshire, NHRS, and its executive director.

They contend that the trial court erred by: (1) applying "the 'unmistakability' analysis as the exclusive approach for determining the contractual intent element of Contract Clause claims"; (2) not adopting "an alternative, parallel mechanism for determining whether there is an expression of contractual intent, based on the NHRS's long-standing characterization as a deferred compensation system under Part I, Article 36 of the New Hampshire Constitution"; (3) not finding that "[c]ontractual rights and obligations between the State and NHRS members arise out of the NHRS's characterization as a deferred compensation system"; (4) retroactively applying the "new state of the law" embodied in <u>Professional Fire Fighters of New Hampshire v. State</u>, 167 N.H. 188 (2014) (<u>Fire Fighters I</u>), which "was not in effect in 2011 when the challenged amendments to RSA 100-A arose"; and (5) in the alternative, not finding, pursuant to the "unmistakability analysis," that "the legislature, when it adopted RSA 100-A, intended to create the NHRS as a deferred compensation system that also created enforceable contractual obligations between the State and NHRS members."

A motion seeking judgment based solely on the pleadings is in the nature of a motion to dismiss for failure to state a claim. <u>LaChance v. U.S. Smokeless Tobacco Co.</u>, 156 N.H. 88, 93 (2007). In reviewing a motion to dismiss for failure to state a claim upon which relief may be granted, we assume the truth of the facts alleged by the plaintiffs and construe all reasonable inferences in the light most favorable to them. <u>Plaisted v. LaBrie</u>, 165 N.H. 194, 195 (2013). We then engage in a threshold inquiry that tests the facts in the petition against the applicable law, and if the allegations do not constitute a basis for legal relief, we will conclude that granting the motion to dismiss was proper. <u>Id</u>.

In this case, the trial court found that "[t]o the extent petitioners maintain that 'vested status' itself under RSA chapter 100[-A] creates a contractual commitment," American Federation of Teachers – New Hampshire v. State, 167 N.H. 294, 303-04 (2015) (AFT), "forecloses this contention." It further found that AFT and Fire Fighters I implicitly concluded that Part I, Article 36 of the New Hampshire Constitution "and those cases interpreting its applicability to the NHRS[ ] are inapposite to the challenged" amendments to RSA chapter 100-A (2013 & Supp. 2015). The trial court "conclude[d] that the petitioners' Contract Clause claims fail because none of the challenged sections exhibit an unmistakable intent by the legislature to contractually bind itself against prospectively changing the terms contained therein." See Fire Fighters I, 167 N.H. at 196.

As the appealing parties, the petitioners and intervenors have the burden of demonstrating reversible error. Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's well-reasoned order, the petitioners' and intervenors' challenges to it, the relevant law, and the record submitted on appeal, we conclude that the petitioners and intervenors have not demonstrated reversible error. See id.

Affirmed.

Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**

2