# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2018-0230, <u>Brian J. Stone v. Susan Bruce</u>, the court on November 27, 2018, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, Brian J. Stone, appeals an order of the Superior Court (<u>Kissinger</u>, J.) dismissing his complaint for libel against the defendant, Susan Bruce, for failure to state a claim upon which relief may be granted. We construe his brief to argue that the trial court erred by: (1) finding that he failed to allege facts showing that the defendant acted with actual malice; (2) finding that he failed to allege actionable statements by the defendant; and (3) dismissing the complaint because he failed to object to the motion to dismiss.

Our standard of review of the trial court's grant of a motion to dismiss for failure to state a claim is whether the factual allegations in the plaintiff's complaint are reasonably susceptible of a construction that would permit recovery. <u>Plaisted v. LaBrie</u>, 165 N.H. 194, 195 (2013). We assume that the plaintiff's allegations of fact are true and construe all reasonable inferences from such facts in the light most favorable to him. <u>Id</u>. We will not, however, assume the truth or accuracy of any allegations which are not well-pleaded, including conclusions of fact and principles of law. <u>Snierson v. Scruton</u>, 145 N.H. 73, 76 (2000). We then engage in a threshold inquiry that tests the facts in the complaint against the applicable law and, if the allegations do not constitute a basis for legal relief, we will uphold the granting of the motion to dismiss. <u>Plaisted</u>, 165 N.H. at 195.

The parties do not contest that the plaintiff is a public figure. To establish a claim for libel, a public figure must show that the defendant published a false and defamatory statement of fact reflecting on the plaintiff's official capacity and that the defendant acted with "actual malice." <u>Nash v. Keene Publishing Corp.</u>, 127 N.H. 214, 222 (1985). To establish actual malice, the plaintiff must show that the defendant acted either with knowledge that her statements were false or with a reckless disregard for their truth or falsity. <u>Id</u>.

To establish reckless disregard, the plaintiff must show that the defendant acted with a "high degree of awareness of . . . probable falsity,'" <u>id</u>. at 223 (quoting <u>Garrison v. Louisiana</u>, 379 U.S. 64, 74 (1964)), which requires "'sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of [the] publication,'" <u>id</u>. (quoting <u>St.</u>

Amant v. Thompson, 390 U.S. 727, 731 (1968)).  Mere negligence in failing to verify statements and discover falsity does not rise to the level of reckless disregard.  Id.

A statement of opinion is not actionable unless it may reasonably be understood to imply the existence of defamatory fact as the basis for the opinion.  Thomas v. Telegraph Publ'g Co., 155 N.H. 314, 338-39 (2007) (stating whether given statement can be read as being or implying actionable statement of fact is question of law).  If the defendant's statements concerning a public official are true, they are protected by the First Amendment.  Thomson v. Cash, 119 N.H. 371, 377 (1979).  A public official can have a civil remedy for libel only if he establishes that the utterance was false.  Id. (quotation omitted).

We first address whether the allegations in the complaint were sufficient to constitute a basis upon which to find that the defendant acted with actual malice.  In his complaint, the plaintiff failed to allege any facts that would allow a finding that the defendant had reason to believe that her statements were probably inaccurate when she made them.  See Nash, 127 N.H. at 223.  Instead, the complaint alleges that, when the plaintiff informed the defendant that she had made factual errors, she corrected her statements.

The plaintiff argues that he alleged that the defendant's articles indicate malice when "read in their totality."  The plaintiff does not identify any allegation in his complaint, however, that would support a finding that the defendant doubted the veracity of her statements when she published them.  The mere assertion, without the support of any factual allegations, that the articles, when read in their totality, would suggest actual malice is not a well-pleaded factual allegation that the trial court was required to credit when ruling on the motion.  See Snierson, 145 N.H. at 76.

The plaintiff argues that the defendant admitted making "at least one careless error" by publishing a correction.  However, a "careless error" does not constitute actual malice.  See Nash, 127 N.H. at 223.  Furthermore, correcting an error after being informed of it does not show that the defendant was aware that the statement was probably false when she published it.  See Thomas, 155 N.H. at 335 (stating that, in defamation law, truth is defined as substantial truth, every detail need not be accurate, and literal truth is not required so long as the imputation is substantially true (quotation omitted)).

Similarly, the plaintiff's arguments regarding the defendant's responses to his emails demanding that she redact all references to him are not material to the defendant's knowledge when she published the articles.  The plaintiff argues that his allegations constituted a basis upon which to find that the defendant's "intentions showed ill will and intention to injure," that she had "not shown a valid excuse for the publication," and that she had "sufficient malicious motives."  As noted above, however, actual malice for the purposes of libel requires proof

that the defendant actually knew the statements were false or acted with a high degree of awareness that they were probably false.  Nash, 127 N.H. at 223; see Thomas, 155 N.H. at 328 (distinguishing between common law malice and actual malice).

The plaintiff argues that the fact that the defendant did not declare the sources of her information created a presumption that she had no source and, therefore, was aware that the statements were probably false.  However, the record does not reflect that the plaintiff ever sought or received a court order requiring the defendant to disclose her sources.  See Downing v. Monitor Publishing Co., Inc., 120 N.H. 383, 387 (1980) (creating presumption that defendant had no source when defendant refuses to declare his sources upon a valid court order).  Nor does it reflect that the plaintiff ever requested this information from the defendant.  Furthermore, we note that, on her own initiative, the defendant informed the plaintiff that the source of one of her statements was the University of New Hampshire Police log.

To the extent that the plaintiff argues that the defendant's awareness of the probability that her statements were false was a jury question, he was still required to allege facts from which the jury could reasonably draw such an inference in order to survive the motion to dismiss.  Upon this record, assuming that all the plaintiff's well-pleaded factual allegations are true and construing all reasonable inferences from those facts in the light most favorable to him, we conclude that he failed to plead a sufficient basis upon which to find that the defendant acted with actual malice.  See Plaisted, 165 N.H. at 195.  Accordingly, the trial court did not err by granting the motion.

Even if the plaintiff had alleged facts establishing actual malice, we note that he does not challenge the truth of most of the defendant's statements of fact. The defendant corrected the statement that the plaintiff contended was partially false when he informed her of her error.  We conclude that the average reader would not reasonably understand the other statements articulated in the complaint, including the alleged "insinuat[ion that he] was part of [a] sexual harassment culture at the State House," as actionably factual.  See Nash, 127 N.H. at 219 (stating that whether a given statement can be read as being or implying an actionable statement of fact is question of law in the first instance).

Finally, to the extent that the plaintiff contends that the trial court dismissed his complaint because he failed to object to the motion to dismiss, we note that the trial court expressly granted the motion "for the reasons set out in the motion [to dismiss] and memorandum of law."  Although the trial court also observed that "no objection was filed," we construe the order as granting the motion on its merits.  Even if the trial court had granted the motion solely upon the lack of an objection, however, for the reasons stated above, dismissal was required under the circumstances of this case.  See, e.g., Kessler v. Gleich, 156

N.H. 488, 494 (2007) (declining to disturb judgment for error that does not affect outcome).

Any remaining issues raised by the plaintiff in his brief either are not sufficiently developed, see State v. Blackmer, 149 N.H. 47, 49 (2003), or otherwise do not warrant further discussion, see Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Affirmed.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,**
**Clerk**

4