# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0646, <u>Tiffani Lacasse & a. v. Elaine Majewski & a.</u>, the court on April 2, 2020, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiffs, Tiffani Lacasse and Andrew Lacasse (buyers), appeal an order of the Superior Court (<u>MacLeod</u>, J.) dismissing their complaint against defendant New London Realty, LLC (realtor), which brokered the sale of a home to them, for failure to state a claim.[1]  We construe their brief to contend that the trial court erred by concluding that:  (1) RSA 331-A:26, V (2017) does not create a private cause of action; and (2) they failed to allege sufficient facts to state claims for fraudulent and negligent misrepresentation.

In reviewing the trial court's grant of a motion to dismiss for failure to state a claim, our standard of review is whether the allegations in the complaint are reasonably susceptible of a construction that would permit recovery.  <u>Plaisted v. LaBrie</u>, 165 N.H. 194, 195 (2013).  We assume that the plaintiffs' allegations of fact are true and construe all reasonable inferences in the light most favorable to them.  <u>Id</u>.  We will not, however, assume the truth or accuracy of any allegations that are not well-pleaded, including the statement of conclusions of fact and principles of law.  <u>Snierson v. Scruton</u>, 145 N.H. 73, 76 (2000).  We then engage in a threshold inquiry that tests the facts in the complaint against the applicable law, and if the allegations do not constitute a basis for legal relief, we must conclude that granting the motion to dismiss was proper.  <u>Plaisted</u>, 165 N.H. at 195.

We first address whether the trial court erred in concluding that RSA 331-A:26, V does not create a private cause of action.  We have stated that "'the legislature intended [RSA chapter 331-A] to have no effect outside the ethical, licensing, and disciplinary confines of the business.'"  <u>Snierson</u>, 145 N.H. at 82 (quoting <u>Finlay Commercial Real Estate v. Paino</u>, 133 N.H. 4, 8 (1990)).  Accordingly, the trial court correctly determined that the buyers failed to state

---

[1] The plaintiffs also sued the prior owner of the property and other defendants, but have not appealed the dismissal of their complaint against them.

a claim for relief under RSA 331-A:26, V.  The parties agree that RSA chapter 331-A (2017 & Supp. 2019) does not bar a properly-pleaded common law cause of action.

We next address whether the trial court erred in dismissing the buyers' claim against the realtor for fraud.  To establish fraud, a plaintiff must show that:  (1) the defendant made a representation with knowledge of its falsity or with conscious indifference to its truth; (2) the defendant intended another to rely upon that representation; and (3) the plaintiff justifiably relied upon it.  Snierson, 145 N.H. at 77.  A plaintiff cannot allege fraud in general terms, but must specifically allege the essential details of the fraud and the facts of the defendant's fraudulent conduct.  Id.

In this case, the buyers failed to allege with specificity facts establishing: (1) that the realtor adopted the homeowner's statements regarding the condition of the basement as the realtor's own statements; (2) how the realtor knew that the homeowner's statements were false or demonstrated a conscious indifference to their truth; or (3) how the buyers' reliance upon the homeowner's statements relayed by the realtor was justifiable given the "numerous 'red flags'" that the buyers identified in their complaint, all indicating that the water entering the basement was more significant than the homeowner indicated.  Viewing the alleged facts in the light most favorable to the buyers, we conclude that the trial court properly dismissed the buyers' claim for fraudulent misrepresentation.  See Plaisted, 165 N.H. at 195.

Finally, we address whether the trial court properly dismissed any claim by the buyers against the realtor for negligent misrepresentation.  We assume, without deciding, that this claim is preserved.  To establish a claim for negligent misrepresentation, the plaintiff must show that the defendant negligently misrepresented a material fact and that the plaintiff justifiably relied upon that misrepresentation.  Snierson, 145 N.H. at 78.  One who volunteers information to another not having equal knowledge, with the intention that the other will act upon it, has a duty to exercise reasonable care to verify the truth of the statements before making them.  Id.

In this case, the buyers' complaint contains insufficient facts to construe it as making a claim for negligent misrepresentation.  See Toy v. City of Rochester, 172 N.H. 443, 448 (2019) ("It is well settled that a defendant is entitled to be informed of the theory on which the plaintiff is proceeding . . . .").  Furthermore, as noted above, the complaint alleges facts indicating that any reliance by the buyers on the realtor's recounting of the homeowner's statements was not justified.  Even viewing the facts alleged in the light most

2

favorable to the buyers, we conclude that the trial court properly dismissed the plaintiffs' claim against the realtor.  See Plaisted, 165 N.H. at 195.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**