# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0078, <u>Allan Lewis v. The Haynes Group & a.</u>, the court on September 19, 2022, issued the following order:**

Having considered the brief filed by the plaintiff, Allan Lewis, the memorandum of law filed by the defendants, The Hynes Group and Briar Ridge Estates,[1] and the limited record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The plaintiff, Allan Lewis, appeals an order of the Superior Court (<u>Howard</u>, J.) granting the motion of the defendants to dismiss his complaint against them. We affirm.

"In reviewing the trial court's grant of a motion to dismiss, our standard of review is whether the allegations in plaintiff's pleadings are reasonably susceptible of a construction that would permit recovery." <u>Plaisted v. LaBrie</u>, 165 N.H. 194, 195 (2013). "We assume that the plaintiff's pleadings are true and construe all reasonable inferences in the light most favorable to him." <u>Id</u>. "However, we need not assume the truth of statements in the plaintiff's pleadings that are merely conclusions of law." <u>Cluff-Landry v. Roman Catholic Bishop of Manchester</u>, 169 N.H. 670, 673 (2017). We then engage in a threshold inquiry that tests the facts in the complaint against the applicable law, and if the allegations constitute a basis for legal relief, we must hold that it was improper to grant the motion to dismiss. <u>Plaisted</u>, 165 N.H. at 195.

According to the defendants, the plaintiff's compliant sought "a labor lien against [them] for alleged improvements he made to [a] trailer." The defendants contend that dismissal was proper because the pertinent statute requires that there be a contract, and the plaintiff's complaint contained no allegations that the parties had a contract for the alleged repairs. The defendants argue that the plaintiff "plead[ed] no facts in his complaint . . . to legally support any type of lien regarding alleged repairs he made to the Property," and, therefore, contend that dismissal was warranted. The plaintiff, however, has not provided a copy of his complaint as part of the appellate record, and, thus, the court is unable to review his appellate arguments substantively.

As the appealing party, the plaintiff has the burden of providing us with a record sufficient to decide his appellate issues. <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250, (2004); <u>see</u> <u>Sup. Ct. R</u>. 13; <u>see also</u> <u>Town of</u>

---

[1] Although the trial court captioned this case, "<u>Allan Lewis v. The Haynes Group and Brier Ridge Estates</u>," the defendants represent that their "correct legal names . . . are The Hynes Group and Briar Ridge Estates."

<u>Nottingham v. Newman</u>, 147 N.H. 131, 137 (2001) (explaining that the rules of appellate practice are not relaxed for self-represented litigants). Because the plaintiff has not provided us with a copy of his complaint, we review the trial court's order for errors of law only, and find none. To the extent the plaintiff is challenging the legality of his prior eviction, those arguments are not properly before us in this appeal.

<u>Affirmed</u>.

MacDonald, C.J., and Hicks, Bassett, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**